STATE OF COLORADO, Respondent, *v.* KATE A. HARBECK, Individually and as Executrix of JOHN H. HARBECK, Deceased, et al., Appellants.

Tax — transfer tax on personal property of testator who died in this state and whose will was admitted to probate and estate settled in this state — when another state, of which decedent was a resident, cannot maintain action in courts of this state to collect transfer tax alleged to be imposed by statute of that state.

1. A transfer tax is a tax on the succession or the right to receive a bequest based on the value of the succession; but it is assessed against and paid by persons and it may not be collected from persons or out of property beyond the state's jurisdiction.

2. Although the obligation to pay a transfer tax exists, jurisdiction and power to enforce the liability in a foreign tribunal must be

established. Under the due process clause of the United States Constitution, where the delinquents are non-residents of the taxing state and outside its jurisdiction, so that no personal liability or enforcible duty may be established as against them and where the property involved is without the taxing state so that no *res* exists upon which the taxing state may impose a lien, the state is powerless to collect the tax in its own courts and powerless to invoke the aid of a sister state to collect its revenue.

3. *Mobilia sequuntur personam* is not an exclusive rule of universal application nor does it transfer property into the foreign from the domestic jurisdiction. It is a rule of convenience merely, permitting the taxation at the domicile of the owner of personal property which may at the same time be subject to taxation where the property itself is permanently located.

4. A statutory remedy or proceeding cannot be enlarged by construction nor be made available or valid except by strictly following the directions of the act. When a statutory method of enforcing the collection of a tax is provided, which requires judicial action before the liability of the taxpayer is finally fixed it is exclusive and must be followed. That it cannot be followed does not alter the case.

5. The revenue laws of one state have no force in another. The remedy is a part of the law and the taxing power of the state is by the Federal Constitution limited to persons and property within its jurisdiction.     .     .     .

6. Where letters testamentary were issued in this state upon the estate of a decedent and the estate was settled without providing for the payment of a transfer tax in the state of Colorado, of which state decedent was a resident, an action cannot be maintained on its behalf in the courts of this state to recover the tax.

*State of Colorado* v. *Harbeck*, 189 App. Div. 865, reversed.

(Argued October 17, 1921; decided November 22, 1921.)

APPEAL from a judgment, entered January 29, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff for the relief demanded.     .     .

*Theodore N. Ripsom* and *James P. Niemann* for Kate A. Harbeck, individually and as executrix, et al.,

appellants. Colorado's right to impose (and collect) its inheritance taxes is restricted to persons and property within its territorial limits. (*Brown* v. *Elder*, 32 Col. 527; *Mackey Estate*, 46 Col. 79; *Matter of McPherson*, 104 N. Y. 306; *Beers* v. *Glyn*, 211 U. S. 477; *People* v. *Palmer*, 25 Col. App. 450; *State Tax on Foreign Held Bonds*, 15 Wall. 300; *Maxwell* v. *Bugbee*, 250 U. S. 525; *Dewey* v. *Des Moines*, 173 U. S. 193; *Maltby* v. *Lobsitz Mills*, 223 N. Y. 227; *Oakman* v. *Small*, 282 Ill. 360; *Matter of Cummings*, 142 App. Div. 277; *Goodrich* v. *Rochester*, 173 App. Div. 577; *People* v. *Kellogg*, 268 Ill. 489, 499; *Walker* v. *Rec.-General*, 221 Mass. 600.) The liability of these defendants to pay an inheritance tax to the state of Colorado has not even been finally determined in Colorado as required by its statute. (*Maltby* v. *Lobsitz Mills*, 223 N. Y. 227; *People* v. *Koenig*, 37 Col. 283; *Matter of McPherson*, 104 N. Y. 306; *Matter of Wolfe*, 89 App. Div. 349; *Matter of Hart*, 179 App. Div. 39; 222 N. Y. 660; *Matter of Hoople*, 179 N. Y. 308; *Matter of Haskins*, 149 Pac. Rep. 576; *Schwinger* v. *Hickok*, 53 N. Y. 280; *Dorsett* v. *Crew*, 1 Col. 18; *Brown* v. *Tucker*, 7 Col. 30.) The Colorado statutory method for collecting its inheritance taxes is exclusive. (*Plymouth Co.* v. *Moore*, 114 Iowa, 700; *Preston* v. *Sturgis*, 183 Fed. Rep. 3; *Preston* v. *Chicago*, 183 Fed. Rep. 20; *Postal Tel. & Cable Co.* v. *Alabama*, 155 U. S. 482; *Howarth* v. *Angle*, 162 N. Y. 179; *Pollard* v. *Bailey*, 87 U. S. 520; *Brown* v. *Elder*, 32 Col. 527; *Rochester* v. *Gleichauf*, 40 Misc. Rep. 446; *City of New York* v. *McLean*, 57 App. Div. 604; 170 N. Y. 387; *Wason* v. *Bigelow*, 11 Col. App. 120.) A state has no power to authorize extraterritorial jurisdiction or proceedings to collect its revenue. (*Denver* v. *Hobbs' Estate*, 58 Col. 220; *Park* v. *Cameron*, 237 U. S. 616; *Glos* v. *Woodward*, 202 Ill. 480; *State of Indiana* v. *John*, 5 How. [Ohio] 218; *Pickering* v. *Fisk*, 6 Vt. 102; *Galveston Ry.* v. *Wallace*, 223 U. S. 481; *Pennoyer* v. *Neff*, 95 U. S. 714; *Postal Tel. & Cable Co.* v. *Alabama*,

155 U. S. 482; *Wisconsin* v. *Pelican,* 127 U. S. 265; *Preston* v. *Sturgis,* 183 Fed. Rep. 1; *Brown* v. *Elder,* 32 Col. 527; *Matter of Stewart,* 131 N. Y. 284; *Weston* v. *Goodrich,* 86 Hun, 194; *Matter of Gould,* 156 N. Y. 423.) It is elementary that a court cannot acquire jurisdiction to render a personal judgment upon a money demand against a non-resident of a state without either personal service within said state or appearance in the action. (*N. Y. L. Ins. Co.* v. *Dunlevy,* 241 U. S. 518; *Mills* v. *Duryea,* 7 Cranch [U. S.], 481; *Pennoyer* v. *Neff,* 95 U. S. 715; *Dewey* v. *Des Moines,* 173 U. S. 203; *Windsor* v. *McVeigh,* 93 U. S. 274; *Scott* v. *McNeal,* 154 U. S. 34; *Haddock* v. *Haddock,* 201 U. S. 562; *Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394; *Schwinger* v. *Hickok,* 53 N. Y. 280; *Stuart* v. *Palmer,* 74 N. Y. 183.) A judgment *in rem* cannot be made the basis for a judgment *in personam* in another state; nor can a " lien " be impressed extraterritorially. (*L., L. & G. Ins. Co.* v. *Bd. of Assessors,* 221 U. S. 346; *Bliss* v. *Bliss,* 221 Mass. 201; *Blackstone* v. *Miller,* 188 U. S. 189; *Matter of Houdayer,* 150 N. Y. 41; *Matter of Gordon,* 186 N. Y. 471; *Bristol* v. *Washington Co.,* 177 U. S. 133, 141; *Iowa* v. *Slimmer,* 248 U. S. 115; *Matter of Maltby* v. *Lobsitz Mills Co.,* 223 N. Y. 227.) Neither can the state of Colorado successfully contend that it may disregard the method of collection prescribed by its statute and sue in our courts to recover on the theory of debt, *i. e.,* contract express or implied, as it is well settled that a tax is not a debt. (*Wason* v. *Bigelow,* 11 Col. App. 120; *Perry* v. *Washburn,* 20 Cal. 318; *Pierce* v. *Boston,* 3 Metc. 520; *Johnson* v. *Thetford,* 41 Vt. 122; *People* v. *Palmer,* 25 Col. App. 450; *Brown* v. *Elder,* 32 Col. 527.) So-called " state comity " cannot be invoked to permit the state of Colorado to assess or enforce its inheritance tax laws in this state and courts. (*Preston* v. *Sturgis,* 183 Fed. Rep. 13; *Heine* v. *Board of Levee Comrs.,* 19 Wall. [U. S.] 655; Rorer on Interstate Law [2d ed.] 226, 227; *Sheppard* v. *Wright,* 113 N. Y. 582.)

*Alfred S. Brown* and *William L. Greenfogel* for William H. Harbeck et al., appellants. The assessment of an inheritance tax is a judicial proceeding which must be conducted by due process of law. (*Matter of McPherson*, 104 N. Y. 306; *Matter of Embury*, 19 App. Div. 214; 154 N. Y. 746.) Due process of law means service upon the person within the jurisdiction of the court or his voluntary appearance in the proceeding in case it is sought to impose a personal liability upon him. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Haddock* v. *Haddock*, 201 U. S. 562; *Freeman* v. *Alderson*, 119 U. S. 185; *Baker* v. *Baker, Eccles & Co.*, 242 U. S. 394.) A state has no power to impose conditions which are repugnant to the Constitution or laws of the United States. (*Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 407; *Doyle* v. *Cont. Ins. Co.*, 94 U. S. 535; *Barron* v. *Burnside*, 121 U. S. 186; *People ex rel. A. P. C. Co.* v. *Knapp*, 230 N. Y. 48.) A state cannot exact from a non-resident, as the price of permission to take a benefit under the will of a resident, a condition that he will allow a personal liability to be imposed upon him without due process of law. (*Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68; *N. Y. L. Ins. Co.* v. *Head*, 234 U. S. 149; *W. U. Tel. Co.* v. *Kansas*, 216 U. S. 1; *Harrison* v. *St. L. & S. F. R. R. Co.*, 232 U. S. 318; *International Paper Co.* v. *Massachusetts*, 246 U. S. 135.) The Inheritance Tax Law of the state of Colorado, in so far as it authorizes the imposition of a personal liability upon non-residents on service of notice by mail, is repugnant to the Constitution of the United States and is void. (*R., etc., D. R. C. Mills* v. *Menefee*, 237 U. S. 189.) The court will not imply consent to an unconstitutional condition. (*Flexner* v. *Farson*, 248 U. S. 289; *Thisler* v. *Little*, 86 Kan. 787; *Moyer* v. *Cook*, 12 Wis. 335; *C. M. Acc. Co.* v. *Davis*, 213 U. S. 245; *St. Clair* v. *Cox*, 106 U. S. 350; *Dalton* v. *St. Louis*, 113 Mo. App. 71.) This action cannot be maintained because it is an action brought to collect a tax the amount

of which has never been fixed in any valid judicial proceeding, the Colorado court in which the proceeding to fix the tax was brought not having had jurisdiction over the parties upon whom the tax was sought to be imposed nor possession of the property against which the lien of the tax was sought to be enforced. (*City of New York* v. *McLean,* 170 N. Y. 374.)

*George L. Shearer* and *Harry K. Davenport* for United States Trust Company of New York, appellant. There is no contractual obligation to pay an inheritance tax. (*City of Rochester* v. *Bloss,* 185 N. Y. 43; *Bradford* v. *Storey,* 189 Mass. 104; *Meriwether* v. *Garrett,* 102 U. S. 472; *Wason* v. *Bigelow,* 11 Col. App. 120; *Brown* v. *Elder,* 32 Col. 527; *City of New York* v. *McLean,* 57 App. Div. 601.) An act assessing an inheritance tax to be binding must stand the constitutional test of due process of law. (*Matter of McPherson,* 104 N. Y. 306; *Maltbie* v. *Lobsitz Mills,* 223 N. Y. 227.) The defendants, appellants, by absenting themselves from Colorado, have not lost their protection to due process. (*Baker* v. *Baker, Eccles & Co.,* 242 U. S. 394; *Freeman* v. *Alderson,* 119 U. S. 185.) A judgment or determination *in rem* cannot be enforced in a foreign state in the absence of personal service of process. (*People* v. *Kellogg,* 268 Ill. 489; *Pennoyer* v. *Neff,* 95 U. S. 714; *Barker* v. *Barker,* 37 U. S. 152; *Davis* v. *Mount Lumber Co.,* 2 Col. App. 388; *Schwinger* v. *Hickok,* 53 N. Y. 280; *N. Y. L. Ins. Co.* v. *Dunlevy,* 241 U. S. 518; *Durant* v. *Supervisors,* 26 Wend. 66; *Maltbie* v. *Lobsitz Mills,* 223 N. Y. 227; *Riverside Mills* v. *Menefee,* 237 U. S. 189.) When an inheritance tax statute provides a method for collection, that method is exclusive. (*Matter of Wolfe,* 137 N. Y. 205; *Weston* v. *Goodrich,* 86 Hun, 194; *Matter of Embury,* 19 App. Div. 214; 154 N. Y. 746.)

*Bertrand L. Pettigrew, George W. Thomas* and *Victor E. Keyes* for respondent. Plaintiff has authority to maintain

this action. (*Delafield* v. *Illinois*, 2 Hill, 159; *Matter of Haley*, 89 Misc. Rep. 22; *Fisher* v. *State*, 106 Md. 104; *Matter of Moebus*, 178 App. Div. 709; *Pinnacle Co.* v. *People*, 58 Col. 86.) The decedent was domiciled in the state of Colorado at the time of his death. (*U. S. Trust Co.* v. *Hart*, 150 App. Div. 413; 208 N. Y. 617; *Matter of Rutherford*, 88 Misc. Rep. 414; *Matter of Martin*, 94 Misc. Rep. 81.) The legal situs of the decedent's personal property, wherever situated, was in the state of Colorado, the place of his domicile, and the succession to such property was taxable there. (*Matter of Janes*, 144 N. Y. 6; *Blackstone* v. *Miller*, 188 U. S. 189; *Bullen* v. *Wisconsin*, 240 U. S. 625; *Matter of Martin*, 173 App. Div. 1; 219 N. Y. 557; *Matter of Coudert*, 92 Misc. Rep. 109; *Frothingham* v. *Shaw*, 175 Mass. 59; *Gallup's Appeal*, 176 Conn. 617; *U. R. Transit Co.* v. *Kentucky*, 199 U. S. 194; *F. & C. Trust Co.* v. *Louisville*, 245 U. S. 54; *Cream of Wheat Co.* v. *Grand Forks*, 253 U. S. 325; *L., etc., Ins. Co.* v. *Orleans Assessors*, 221 U. S. 346.) The right to take property by devise or descent is not a natural or inherent right. It is dependent entirely upon the consent of the legislature, which may grant or withhold the right. (*Matter of White*, 208 N. Y. 64; *U. S.* v. *Perkins*, 163 U. S. 625; *Magoun* v. *Ill. Trust & Savings Bank*, 170 U. S. 283; *Mager* v. *Grima*, 8 How. 490; *U. S.* v. *Fox*, 94 U. S. 315; *Matter of Delano*, 176 N. Y. 486; *Matter of Watson*, 226 N. Y. 384; *Ard* v. *People*, 66 Col. 480.) The right of the defendants to participate in the estate of the decedent was derived from the law of the state of Colorado and was dependent upon that law. (*Frothingham* v. *Shaw*, 175 Mass. 59.) The inheritance tax of the state of Colorado is a tax upon the right to succeed to property; it is payable immediately after the death of the testator; the person who inherits is liable to pay the tax and it remains a lien upon the property until paid. (*Palmer's Estate*, 25 Col. App. 450; *Brown* v. *Elder*, 32 Col. 527; *Plummer* v. *Coler*, 178 U. S. 115;

*Maxwell* v. *Bugbee,* 250 U. S. 525.) The tax was duly assessed according to the laws of the state of Colorado upon notice to the legatees; the situs of the personal property was within that state; no appeal from the assessment or other proceeding to vacate or set aside same has ever been taken, and the correctness of the assessment cannot be questioned in a collateral proceeding. (*Matter of Hackett,* 14 Misc. Rep. 282; *Matter of Morss,* 85 Misc. Rep. 676; *Matter of Miller,* 110 N. Y. 216; *Matter of Horton,* 217 N. Y. 363; *Tilt* v. *Kelsey,* 207 U. S. 43; *Matter of McPherson,* 104 N. Y. 306; *Hunt* v. *Hunt,* 72 N. Y. 219.) It was within the power of the legislature to impose in connection with the privilege of succession the conditions that the tax should be a lien on the property, payable by the person succeeding to the same, and that service of notice of assessment by mail should be valid as against such person. (*Atty.-Gen.* v. *Roche,* 219 Mass. 601; *Matter of Whitewright,* 87 Misc. Rep. 534; *Ferry* v. *Campbell,* 110 Iowa, 290; *Hagar* v. *Reclamation Dist.,* 111 U. S. 701; *Stuart* v. *Palmer,* 74 N. Y. 183; *Van Dresser* v. *O. R. & N. Co.,* 48 Fed. Rep. 202; *Ehrman* v. *T. Ins. Co.,* 1 Fed. Rep. 471; *M. Mfg. Co.* v. *G. T. Ry. Co.,* 13 Fed. Rep. 358; *Frawley* v. *Pennsylvania,* 124 Fed. Rep. 259; *Kerr* v. *Tagliavia,* 101 Misc. Rep. 614.) The defendants, having asserted the statutory law of the state of Colorado in the Surrogate's Court of New York county as the basis of their right to take under the will, and obtained the benefit of that law, are estopped to deny the obligations imposed thereby. (*McQuerry* v. *Gilliland,* 89 Ky. 434; *Muller* v. *Naumann,* 85 App. Div. 337; *Sukosky* v. *P. & R. C. & S. Co.,* 189 App. Div. 689; *O. W. L. Assn.* v. *McDonough,* 204 U. S. 9.) The state of Colorado upon the death of John H. Harbeck acquired a vested interest in the estate, and the courts of this state will assist the owner to recover such interest. (*Nat. S. D. Co.* v. *Stead,* 250 Ill. 584.) An inheritance tax does not come within the rule that one state will

not help another collect a personal tax imposed *in invitum.*
(*Matter of Inheritance Tax,* 23 Col. 482; *City of Rochester* v.
*Bloss,* 185 N. Y. 42; *People* v. *Griffith,* 245 Ill. 532;
*Goodrich* v. *R. T. & S. D. Co.,* 173 App. Div. 577; *Loucks*
v. *Standard Oil Co.,* 224 N. Y. 99.)

POUND, J.   This action was brought to recover an
inheritance tax upon the estate of John H. Harbeck,
deceased.   Harbeck was a resident of Boulder, Colorado.
In October, 1910, he left his home in Colorado with the
intention of going abroad.   About a month later, while
*en route,* in the city of New York, he died.   On March
28, 1911, his will and four codicils were admitted to
probate in New York county and letters testamentary
thereunder were issued to the widow who was also the
principal legatee under said will.   The defendants Alfred
S. Brown and Francis B. Clark are legatees under the
codicils.   The defendant The United States Trust Com-
pany is the trustee under certain trusts created by the will
for the benefit of the defendant William Henry Harbeck.
Transfer tax proceedings were had in New York and
taxes assessed as upon the estate of a non-resident and
paid.   The executrix filed her account July 8, 1913,
which was settled and allowed March 10, 1914.   No pro-
vision was made for payment of a transfer tax to the
state of Colorado, which had no notice of the proceedings
in New York.

After the executrix had accounted and the estate had
been distributed in New York, the state of Colorado
instituted proceedings in its courts to assess a transfer
tax under its laws upon the estate.   An appraisal was
had February 28, 1916, notice having been given by
mail to all defendants as required by its law.   The
inheritance tax laws of Colorado provide (Laws of 1902,
ch. 3, as amended in 1907, 1909, § 2) that the tax shall
thereupon be immediately due and payable and remain
a lien on the property transferred until paid.   It is

further provided (§ 1) that all legatees and executors shall be liable for such taxes until the same have been paid " as hereinafter directed." The tax was assessed as upon the estate of a resident and notice of assessment given to all the defendants as required by the statute and such notice was in fact received by them. The amount of such tax was upwards of $55,000. No appeal was taken under the Colorado statute to review the assessment. The estate thus assessed for taxation consisted of stocks, bonds and credits of the value of nearly $3,000,000, none of which were physically present in Colorado at the time of decedent's death nor have since come into the state. None of the defendants appeared in the Colorado tax proceedings. In February, 1916, an administrator with the will annexed of decedent was appointed and qualified in Colorado and continued to act as such. At the time the Colorado proceedings were instituted and this proceeding begun none of the defendants were residents of Colorado.

This action was thereafter begun in the Supreme Court of the state of New York, by the state of Colorado against the executrix and legatees to recover the amount of the transfer tax, the total amount from the executrix and from each defendant the amount assessed upon his legacy. The Trial Term dismissed the complaint on the ground that the collection of the tax could not be enforced by action in the state of New York. The Appellate Division reversed the judgment of the trial court and granted judgment against the defendants in the amount of nearly $100,000 on the ground that the tax having been regularly fixed and assessed under the laws of Colorado and defendants having received their legacies under the laws of the state of Colorado providing for the transmission of the estates of decedents by will, they assumed the statutory obligation to pay the tax thereon and made it their contractual obligation; that the payment of the tax by the beneficiaries is a duty

imposed upon the right to acquire, and that the principle of comity between states demands 'that the courts of New York should assume jurisdiction and enforce the obligation.

The question is whether the inheritance tax of Colorado may, consistently with the due process clauses of the United States Constitution, be collected extraterritorially, by suit against the beneficiaries. (*Maxwell* v. *Bugbee*, 250 U. S. 525, 539.)

The court must read the Colorado statute as it is written. It imposes a special burden upon the right of succession to secure public revenue for governmental purposes. (*Brown* v. *Elder*, 32 Col. 527; *Mackey Estate*, 46 Col. 79.) Not only must the transfer tax be assessed in accordance with the statute but the method of collection provided by law must be followed. A fair and reasonable construction of the statute in consonancy with the legislative intention does not permit its enlargement to reach those who assert their freedom from liability under the due process clause of the United States Constitution. The only intent of the legislature that the court can discern is that the tax should be collected in accordance with the statute, not otherwise. (*Matter of Gould*, 156 N. Y. 423, 425.) Irregular assessments and unauthorized methods of collection may not be justified by pointing out difficulties in the practical application of the statute as written and appealing to the moral sense to meet the objection that no legal liability has been established against the beneficiaries. No substitute for the statutory method of collecting taxes, as such method is expressed or fairly implied, may be invoked either in the state of Colorado or elsewhere.

It is urged that the legatee becomes liable to pay the tax as upon an implied contract when he accepts the legacy under the will of a resident of Colorado and that he may be sued in the courts of another state wherever jurisdic-

tion of the person may be obtained. But taxes are not debts or contracts. No contractual or *quasi* contractual obligation to pay arises out of the assessment of a tax. (*City of Rochester* v. *Bloss*, 185 N. Y. 42, 47; *Meriwether* v. *Garrett*, 102 U. S. 472, 513.) The enforcement of revenue laws rests not on consent but on force and authority. Liability to pay is a consequence imposed by fiat. A transfer tax is a tax on the succession or the right to receive the bequest based on the value of the succession, but it is assessed against and paid by persons and it may not be collected from persons or out of property beyond the state's jurisdiction. (*Maxwell* v. *Bugbee, supra.*) No personal liability based upon the receipt of a legacy arises except under the provisions of the Colorado statute (§ 1) that the person to whom the property is transferred shall be personally liable for the tax until its payment and that liability is purely local and statutory.

The theory that a contract or implied promise or obligation to pay, enforcible by action in this state, springs from the Colorado statute is fallacious for a further reason. Colorado had acquired no control either of the property of the Harbeck estate or of its owners. The executrix paid the legacies by virtue of the authority vested in her on the probate of the will by the state of New York, without invoking any privilege or sanction conferred upon her by Colorado. Testator's right to make a valid will of his personal property which was in the state of New York did not rest on the laws of Colorado nor make the Colorado Statute of Wills the source of the legatees' title. " The question of the jurisdiction of the state to tax is one of fact and cannot turn upon theories or fictions." (*Matter of Swift*, 137 N. Y. 77, 86.) " It was never intended by the law to tax a theory having no real substance behind it." (*Matter of Curtis*, 142 N. Y. 219, 223.)

Cases of stockholders' liability for corporate debts

under foreign statutes which rest on the stockholders' contract are not in point. (*Howarth* v. *Angle*, 162 N. Y. 179. *Cf. Marshall* v. *Sherman*, 148 N. Y. 9.) Workmen's compensation laws have been held to enter into the contract of employment without the state. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.) The right of a New York administrator to sue on a foreign death statute rests on the transitory obligation arising out of a personal injury which follows the person and, for sound reasons of public policy, may be enforced wherever the person may be found. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, 110.) These authorities are clearly distinguishable from the case at bar.

Although a liability to pay the tax exists under the Colorado statute, jurisdiction and power to enforce the liability in the New York tribunal must be established. Under the due process clause of the United States Constitution, where the delinquents are non-residents of the taxing state and outside its jurisdiction, so that no personal liability or enforcible duty may be established as against them and where the property involved is without the taxing state so that no *res* exists upon which the taxing state may impose a lien, the state is powerless to collect the tax in its own courts and powerless to invoke the aid of a sister state to collect its revenue. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Dewey* v. *Des Moines*, 173 U. S. 193; *City of New York* v. *McLean*, 170 N. Y. 374, 387, 388; *Matter of Maltbie* v. *Lobsitz Mills Co.*, 223 N. Y. 227.)

But plaintiff contends that by the application of a familiar fiction of law the legal situs of decedent's personal property attaches to his domicile in Colorado, although the property was in every reasonable sense within the state of New York, where the stocks, bonds and credits were kept, and that Colorado has an enforcible lien thereon by virtue of the taxing order. A sufficient answer to this contention is that the judgment in suit imposes a personal liability only and enforces no lien.

A further answer is that *mobilia sequuntur personam* is not an exclusive rule of universal application nor does it transfer property into the foreign from the domestic jurisdiction. It is a rule of convenience merely, permitting taxation at the domicile of the owner of personal property which may at the same time be subject to taxation where the property itself is permanently located. (*Pullman's Palace Car Co.* v. *Pennsylvania*, 141 U. S. 18, 22; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194, 206; *People ex rel. Hoyt* v. *Commissioners of Taxes*, 23 N. Y. 224, 227; *Maxwell* v. *Bugbee, supra.*) This state taxes the succession of personal property of non-residents according to the actual situs of the thing (*Matter of Romaine*, 127 N. Y. 80, 89) and our courts may not say that the assets of the estate are at the same time actually within and without the state of New York. The tangible *res* was, therefore, at all times in New York and not in Colorado.

If these general and well-recognized principles of taxation are by any process of reasoning to be considered inapplicable to the collection of transfer taxes, a sufficient answer to the contention of the state of Colorado remains. When a statutory method of enforcing the collection of a tax is provided which requires judicial action before the liability of the taxpayer is finally fixed it is exclusive and must be followed. That it cannot be followed does not alter the case. The order which was entered in Colorado in the proceeding to fix the tax on notice by mail to defendants did not terminate a suit or controversy between parties and is not a judgment either *in personam* or *in rem.* (*People* v. *Kellogg*, 268 Ill. 489.) After the tax has been assessed by the preliminary order no person can be compelled to pay it until a citation issued out of a Colorado court having jurisdiction has been regularly served on him and he has had an opportunity to be heard. Unless this notice is given, the constitutional right to due process of law is invaded. (*Matter of McPherson*, 104 N. Y.

306, 321.) The Colorado statute thus provides (§§ 18) 19) for a proceeding to collect the tax, subsequent to the assessment, on notice to the persons interested in the property, in the nature of an action *in rem.* " A statutory remedy or proceeding cannot be enlarged by construction nor be made available or valid except by strictly following the directions of the act." (*Matter of Maltbie* v. *Lobsitz Mills Co., supra,* p. 232; *Oakman* v. *Small,* 282 Ill. 360.)

But it is urged that the right of the state of Colorado to maintain an action for the collection of the tax when the special remedy is ineffective, is upheld by its local laws (*Pinnacle G. M. Co.* v. *People,* 58 Col. 86); that the Colorado statute provides that the attorney-general may collect the tax in " any other manner as may be provided in this act *or by law* " (Act of 1916, § 13), *i. e.,* by a common-law action. This contention also is unsound. The attempt to give such a statutory provision extraterritorial effect would conflict with another well-settled principle of private international law which precludes one state from acting as a collector of taxes for a sister state and from enforcing its penal or revenue laws as such. The rule is universally recognized that the revenue laws of one state have no force in another. The remedy is a part of the law and we are once more brought to face the doctrine that the taxing power of the state is by the federal Constitution limited to persons and property within its jurisdiction. (*Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265; *Marshall* v. *Sherman,* 148 N. Y., *supra,* pp. 24–26; *Loucks* v. *Standard Oil Co., supra,* p. 102; *Walker* v. *Treasurer, etc.,* 221 Mass. 600; *City of New York* v. *McLean, supra.*)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, J. (concurring in result). I agree with the result in this case on the ground that I can find no

authority in the Inheritance Tax Law of the state of Colorado for this action.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN and ANDREWS, JJ., concur with POUND, J.; CRANE, J., concurs in result in memorandum.

Judgment accordingly.