In the Matter of the Accounting of LIVINGSTON PLATT, as Executor of ALICE C. MARTIN, Deceased, Respondent.

THE STATE OF CONNECTICUT, Appellant; JOSEPH D. NUNAN, JR., as Special Guardian, Respondent.

(Argued January 12, 1931; decided February 10, 1931.)

360

■■■■■■■

*Benjamin W. Alling, Attorney-General of State of Connecticut (T. Ludlow Chrystie, Farwell Knapp* and *Thomas Witter Chrystie* of counsel), for appellant. The surrogate must refuse complete administration under the circumstances. (*Sultan of Turkey* v. *Tiryakian,* 162 App. Div. 613; 213 N. Y. 429; *Despard* v. *Churchill,* 53 N. Y. 192; *Wilkins* v. *Ellett,* 9 Wall. 740; *Dammert* v. *Osborn,* 141 N. Y. 564; *Iowa* v. *Slimmer,* 248 U. S. 115; *Matter of Cooley,* 186 N. Y. 220.) The State of Connecticut acquired a right to a share of the estate upon the death of testatrix. (*Frick* v. *Pennsylvania,* 268 U. S. 473; *Blodgett* v. *Silberman,* 277 U. S. 1; *Matter of Swift,* 137 N. Y. 77; *Matter of Merriam,* 141 N. Y. 479; *United States* v. *Perkins,* 163 U. S. 625; *Matter of White,* 208 N. Y. 64; *Matter of Penfold,* 216 N. Y. 163; *Matter of Chane,* 227 App. Div. 554; *Matter of Watson,* 226 N. Y. 384; *Watson* v. *State Comptroller,* 254 U. S. 122; *Bankers Trust Co.* v. *Blodgett,* 260 U. S. 647; *Blodgett* v. *New Britain Trust Co.,* 108 Conn. 715.) In comity courts should not aid foreign estates which seek to deprive the State of the domicile of property rights. (*Loucks* v. *Standard Oil Co.,* 224 N. Y. 99.)

*Seth T. Cole* for Tax Commission of State of New York et al., *amici curiæ.*

*Eli J. Blair* for respondent. The decree of the surrogate was discretionary. (*Harvey* v. *Richards,* 1 Mason, 381; *Matter of Hughes,* 95 N. Y. 55; *Matter of Bliss,* 121 Misc. Rep. 773; *Matter of James,* 172 App. Div. 800;

*U. S. Trust Co.* v. *Wood,* 146 App. Div. 751; *Matter of Eaton,* 125 Misc. Rep. 629; 217 App. Div. 704; *Matter of Braithwaite,* 19 Abb. N. C. 113; *Matter of Lorillard,* 2 Chan. 638; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649; *Matter of Dunn,* 39 App. Div. 510; *Despard* v. *Churchill,* 53 N. Y. 192; *White* v. *Benjamin,* 150 N. Y. 258; *Matter of Halsey,* 93 N. Y. 48.) The surrogate had jurisdiction to entertain probate and to fully administer the estate. (Decedent Estate Law, § 23, Surrogate's Court Act, §§ 45, 144; *Matter of Connell,* 221 N. Y. 190; *Matter of McCullough,* 129 Misc. Rep. 113; *Matter of Brown,* 131 Misc. Rep. 859; *Higgins* v. *Eaton,* 202 Fed. Rep. 75; 229 U. S. 622; *Matter of Eaton,* 159 App. Div. 7; *Matter of Le Fevre,* 137 Misc. Rep. 270; *Matter of Leonori,* 223 N. Y. Supp. 777; *Matter of Hughes,* 95 N. Y. 55; *Farmers' Loan & Trust Co.* v. *Lake St. Rd. Co.,* 177 U. S. 51; *Schuehle* v. *Reiman,* 86 N. Y. 270; *Matter of Farrell,* 125 App. Div. 702; *Flatauer* v. *Loser,* 211 N. Y. 15; *Garlock* v. *Vandevort,* 128 N. Y. 374; *Purdy* v. *Hayt,* 92 N. Y. 446; *Matter of Verplanck,* 91 N. Y. 439; *Richmond* v. *Consolidated Gas Co.,* 114 App. Div. 216; 186 N. Y. 209; *Matter of Gould,* 123 Misc. Rep. 14; *Matter of Farmers' Loan & Trust Co.,* 123 Misc. Rep. 600; *Matter of DeSaulles,* 101 Misc. Rep. 447.)

*Joseph D. Nunan, Jr.* and *John Ewen* for Joseph D. Nunan, Jr., as special guardian, respondent. The surrogate's power, if any, to direct hat the assets of the estate be transmitted to the Cor cticut administrator rested within his discretion. (*l arsons* v. *Lyman,* 20 N. Y. 103; *Despard* v. *Churchill,* 53 N. Y. 192; *Matter of Hughes,* 95 N. Y. 55; Surrogate's Court Act, § 309; Civ. Prac. Act, § 589; *People ex rel. McGinnis* v. *McAneny,* 211 N. Y. 535; *People ex rel. Legget* v. *Fetherston,* 223 N. Y. 679.) Comity does not require transmissal of assets to the State of domicile merely in order that distribution may be there made. (*Parsons* v.

*Lyman*, 20 N. Y. 103; *Despard* v. *Churchill*, 53 N. Y. 192; *Matter of Rubens*, 128 App. Div. 626; 195 N. Y. 527; *Higgins* v. *Eaton*, 202 Fed. Rep. 75; 229 U. S. 622.)

CARDOZO, Ch. J. The State of Connecticut has petitioned the Surrogate's Court of the county of New York to direct the executor of a will to remit the assets of the estate to an administrator c. t. a., appointed in Connecticut, the domicile of the testatrix. The return is requested for a single purpose. The purpose is to permit the assessment and collection in Connecticut of a tax upon the transfer effected by the will.

The Surrogate in denying the petition placed his ruling upon two grounds. He held that to return the assets for such a purpose would be equivalent to the enforcement by one State of the tax laws of another (*Colorado* v. *Harbeck*, 232 N. Y. 71). He held, apart from that principle, that the relief should be refused in the exercise of a sound discretion, since compliance with the demand would result in a depletion of the assets by the unnecessary expenses of a double administration. The Appellate Division unanimously affirmed.

We are not required to determine whether the return of assets to another State with a view to the imposition of a tax by the taxing officers of the domicile is the enforcement of a foreign tax law within *Colorado* v. *Harbeck* (*supra*). (Cf. *Moore* v. *Mitchell*, 30 Fed. Rep. [2d] 600; 281 U. S. 18). If the contrary be assumed, the appellant is not greatly helped. Return, even though not forbidden by a hard and fast rule, is certainly not relief to be demanded as of right. At most it is to be granted or refused in the exercise of a discretion that will give heed to all the facts (*Matter of Hughes*, 95 N. Y. 55, 60; cf. *Matter of Rogers*, 225 App. Div. 286; 254 N. Y. 592). The executor in New York conveyed repeated offers to the taxing officers in Connecticut to make payment of any tax found owing at the domicile. What he refused

was a wasteful duplication of administrations and accountings. In the review of such an order the jurisdiction of this court is limited to a determination of the law. Discretion is not revised except for manifest abuse.

Other questions suggested on the argument are mentioned only to exclude them from the scope of our decision.

We do not attempt to say whether Connecticut has jurisdiction by proceedings in her own courts to impress a lien upon choses in action which had a situs in that State at the death of the testatrix, though the documentary evidences are present in New York. No such question is before us.

For like reasons, we do not attempt to say whether a lien for taxes, duly laid by Connecticut either by statute or by judgment upon assets with a situs in that State at the death of the testatrix, will be recognized and enforced in the courts of New York on the same basis as any other charge or proprietary interest. *Colorado* v. *Harbeck* (*supra*) was a case of an attempted collection of a tax on the basis of a debt through an action *in personam* (232 N. Y. 71, at p. 83; cf. *Wisconsin* v. *Pelican Ins. Co.*, 127 U. S. 265, at p. 291). What was said by way of dictum as to the existence of a lien was in precise accordance with the ruling of the Supreme Court in *Blackstone* v. *Miller* (188 U. S. 189) and other leading judgments. Since then, *Blackstone* v. *Miller* and the judgments that followed it have been overruled by the Supreme Court, and no longer have the force of law (*Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204; *Baldwin* v. *Missouri*, 281 U. S. 586; *Beidler* v. *South Carolina Tax Comm.*, 282 U. S. 1). We leave the question open whether a consequence of their disappearance is to require some revision of the dictum of *Colorado* v. *Harbeck* as to the lien and its enforcement. In saying this we do not suggest by indirection a belief as to the answer that would be proper if the question were before us. The reservation is wholly neutral.

Here there was no assessment and no claim of any lien that was pres ntly enforcible (cf. *Heymann* v. *Viane*, 252 N. Y. 159). We take the record as we find it.

The order should be affirmed.

POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Order affirmed.