In the Matter of the Will of RAYMOND E. DEININGER, Deceased.

Surrogate's Court, New York County, March 13, 1946.

*Spence, Hotchkiss, Parker & Duryee* for Regina Deininger, ·petitioner.

*William E. Jackson, Jr.,* for Ella Boyce and others, respondents.

DELEHANTY, S. When deceased died he left extant two papers which were intended by him to operate upon his property after his death. One was probated in this court; the other in Brazil. Deceased died here and it is stipulated on the record that for the purpose of this proceeding the court may assume that his domicile was here. He was survived by a widow and by three half sisters. His chief asset was constituted of a controlling interest in a Brazilian limited liability company which had its place of business at Santos, Brazil. Separately he operated a wholly owned corporation in this city. The Brazilian company was engaged in buying and selling green coffee. The New York company acted as agent and broker for the Brazilian company.

The text of the will admitted to probate here revokes all prior testamentary dispositions and then continues: " * * * except that I do not revoke a will which I have heretofore made in respect to and limited to, property owned by me in Brazil, which will affecting property in Brazil I do hereby ratify and confirm ". All property " outside of Brazil " is given three fourths to his widow and one twelfth to each of his three half sisters. In the instrument probated in Brazil all property located there goes to his widow and in case of her death before deceased to the three half sisters in equal shares.

In this proceeding the half sisters assert that since deceased died domiciled in New York his intangible asset consisting of

his interest in the Brazilian company had and has a situs here and is not located in Brazil. Arguing from this legal position they say that each of them became entitled to a one-twelfth share in the interest which deceased owned in the Brazilian company. In effect, they say that deceased's property rights, whether in the Brazilian or in the New York company, must be dealt with as a unit and must be distributed under the terms of the paper propounded here. They urge the view that under the doctrine *mobilia sequuntur personam* his will made here in May, 1945, and probated here operates on his interests in the Brazilian company. They say, too, that if the New York instrument is held not to cover deceased's interest in the Brazilian company he must be held to have died intestate in respect of it.

The doctrine to which the half sisters refer is one of convenience only. It permits the taxation of intangible personalty at the domicile of the owner even though such property may be taxed also where it is permanently located (*State of Colorado* v. *Harbeck,* 232 N. Y. 71, 84). That the rule has its limitations is well recognized. " The maxim ' *mobilia sequuntur personam* ' cannot always be carried to its logical conclusion. Practical considerations often stand in the way. Physical presence in one jurisdiction is a fact, the maxim is only a juristic formula which cannot destroy the fact. Within territorial limits, the jurisdiction of the courts of each state or nation is limited only by constitution or treaty. The courts of each jurisdiction determine all judicial questions by the law of that jurisdiction. When the owner of personal property authorizes its removal from his domicile or acquires property elsewhere, he must be deemed to know that his property comes under the protection of, and subject to the laws of the jurisdiction to which it has been removed, and that appeal may be made to the courts of that jurisdiction for the determination of conflicting rights in such property." (*Hutchison* v. *Ross,* 262 N. Y. 381, 388–389.)

It is patent that the Brazilian company operates under the protection of the laws of Brazil and that such laws are at least relevant to if not controlling in respect of the transfer of any interests therein. It is most improbable that deceased ever heard of the doctrine upon which his half sisters rely. Whether he knew of the doctrine or not, it is clear that he gave explicit direction respecting the disposition of his property. The terms of the paper propounded here and the terms of the

paper probated in Brazil which deceased expressly ratified and confirmed exclude deceased's interest in the Brazilian company from the operation of the New York will of May 10, 1945, and from the operation of the laws of intestacy of this State. So far as this record shows deceased's assets in Brazil (other than his interest in the Brazilian company) were negligible. The provisions for his wife under the will probated in Brazil would have been illusory unless deceased both by that paper and by the New York paper of May 10, 1945, intended that she should have his interests in the Brazilian company. The court will not impute to deceased an intention to mock his wife and to make sham provision for her.

The court construes the will of deceased as vesting exclusively in deceased's widow his interests in the Brazilian company. It follows that the New York assets of deceased and his interests in the New York company may be disposed of separately from the Brazilian assets. The disposition of the New York company may be made separately but the court can give no directions in respect of it. The will expressly authorizes the executrix to continue the New York business. Whether the business should be continued or sold is a matter for the executrix to determine. The court cannot undertake the management of the estate. If the executrix determines to make a sale and cannot obtain the consent thereto of the interested parties, a further application may be made to the court which will then determine whether an issue is presented upon which the court should act.

Submit, on notice, decree construing the will accordingly.