Callahan, J.
The plaintiffs are a foreign municipal corporation and its treasurer. They have brought this action on oral complaint in the Municipal Court of the City of New York to .collect a personal property tax allegedly due and owing from the' defendant for personal property located in the city of Detroit, Wayne County, Michigan, in the year 1943. The defendant moved for dismissal of the complaint on the grounds (1) that the court lacked .jurisdiction of the subject of the action, and (2) that the complaint failed to state facts sufficient to constitute a cause of action. The defendant’s motion was granted solely for lack of jurisdiction.
On- appeal, however, the Appellate Term of the Supreme ‘Cotirt reversed the order of the Municipal Court, and the judgment-entered "thereon, dismissing the complaint, and the motion was denied. From this determination the defendant appeals by permission of this court.
We find it unnecessary to consider any question as to the limited jurisdiction of the Municipal Court (N. Y. City Mun. Ct. Code, § 6). We prefer to''base our decision on the broader ground that our courts as a matter of State policy do not lend themselves to the enforcement of the revenue laws of another State.
On the present appeal we accept as true the allegations of the complaint to the effect that there was personal property of the defendant in Wayne County, Michigan, when the tax was assessed in 1943.
• The tax sought to be collected by the plaintiffs in this action ‘is essentially a levy on property. "Under the laws of Michigan all personal property not expressly exempted is subject to taxation on annual assessment. It is provided that the taxes *587 thus assessed shall become a debt due to the municipality from the persons to whom they are assessed and a first lien on all personal property of such persons. The county authorities may seize and sell the property, etc., and if the treasurer is otherwise unable to collect the tax on personal property, he may sue to recover the same in the name of the municipality (Mich. Stat. Arm., §§ 7.1, 7.10, 7.91). Further, “ the county treasurer may sue in the name of the county of Wayne the person or persons liable for said tax on personal property by action in any court of law, and he shall have, use and take all lawful ways and means provided for the collection of debts to enforce the payment of such tax.” (Mich. Local Act No. 6, 1943, § 4.)
Pursuant to the statutory authority aforesaid, the plaintiffs invoke the aid of our courts to recover a personal judgment for delinquent taxes against the defendant as owner of the taxable property. It is clear that no suit was ever brought in Michigan for such purpose, and no personal judgment has ever been obtained against the defendant for the taxes in default.
It may be noted that the record before us fails to disclose where the defendant was incorporated, and whether it was resident or doing business in Michigan during the tax period in suit. Unless, of course, the defendant were personally present in the taxing jurisdiction at the time of assessment, the taxing authorities would have no jurisdiction over its person so as to afford due process with respect to creating a personal liability for payment of the tax (City of New York v. McLean, 170 N. Y. 374).
Regardless of this, however, we have already indicated our opinion that the present suit may not be maintained in our courts. It is our public policy not to enforce the revenue statutes of other States (see State of Colorado v. Harbeck, 232 N. Y. 71). In that case it is true that no property was physically present in Colorado. Here we assume that the defendant’s property was within the taxing jurisdiction at the time of assessment. In this circumstance, however, we see no sufficient basis for distinguishing the cases. This factual difference is immaterial in our view of the law. The point in each case is whether New York will act as tax gatherer on behalf of a sister State.
As previously noted, the instant suit seeks to enforce personal liabilty on the owner of the property subject to taxation. The validity of the tax against the defendant is not questioned any more than it could have been in the Harbeck case (supra), where *588 the domicile of Harbeck in Colorado created the basis for the tax imposed by Colorado on his estate. Likewise, in the present case the location of the defendant’s property within the taxing-jurisdiction afforded a legal basis for assessment of the tax in suit. However, we are not considering the power to assess the tax, but the power to collect it. Whatever remedies in personam, if defendant had enjoyed the status of a resident of Michigan, or whatever remedy in rem might have been available to the County of Wayne to collect the tax against the defendant in Michigan in 1943 need .not concern us. At any rate, it is now powerless, to invoke the assistance of New York courts in an action in personam to collect its revenue. Clearly, it would be giving extraterritorial effect to Michigan statutes to allow the maintenance of the present suit for recovery of the tax, simply because the foreign statute declared such tax to be a personal debt of the taxpayer. As such it still remains a tax debt or one for revenue only. To entertain this suit would conflict with the well-settled rule of private • international law which precludes one State from acting as collector of taxes for another (State of Colorado v. Harbeck, supra; Matter of Martin, 255 N. Y. 359; State of Maryland v. Turner, 75 Misc. 9).
We think that the decision in Milwaukee County v. White Co. (296 U. S. 268) does not compel us to entertain the present action under the “ full faith and credit ” clause (U. S. Const., art. IV, § 1). In the Milwaukee case (supra) a judgment had been duly obtained in Wisconsin for taxes upon income received by the defendant from business transacted in Wisconsin under State license. The holding was that full faith and credit was not to be denied to a judgment because it was for taxes. What was said in the opinion of Chief Justice Stone must be read in the light of the fact that the tax claim had been reduced to judgment in the taxing State.
The determination of the Appellate Term should be reversed, with costs of this appeal to appellant, and the order and judgment of the Municipal Court dismissing the complaint reinstated.
Peck, P. J., Glennon, Van Voorhis and Shientag, JJ., concur.
Determination unanimously reversed, with costs of this appeal to the appellant, and the order and judgment of the Municipal Court dismissing the complaint reinstated. [See 278 App. Div. 568.]