Joseph A. Cox, S.
This is a proceeding for the settlement of the account of the executor combined with an application for instructions concerning the method of payment of British death duties which have been levied against the estate.
The decedent died on March 23, 1954, a citizen of the United States, while a resident of and domiciled in England, leaving a last will and testament dated June 18, 1920 which was' duly admitted to probate, as the will of a nonresident, by this court on May 17, 1954. Letters testamentary were granted to petitioner on the same day.
By Article “ second ” of her will, decedent bequeathed all her tangible personal property, wherever located, to her daughter, Hoyt Greenville McNeel, a citizen of the United States and a resident of and domiciled in England.
By Article ‘' third ’ ’ of her will, decedent devised and bequeathed the remainder of her property, wherever situated, to the trustees of a trust which she created in her lifetime by indenture of trust dated June 17, 1920, under which H. Clinton Corwin and the Chase Manhattan Bank are the presently acting trustees, “to be added by them to the trust estate created by said indenture and to be administered and disposed of as is provided in said indenture with respect to the trust estate thereby created.” Such indenture grants to the trustees, after the decedent’s death, the power in their discretion to pay the income of the trust to her daughter, Hoyt Greenville McNeel, (and also two other persons now deceased), Harvard University, and the Salvation Army, or any of them. The trustees are also empowered to invade principal of the trust for the benefit of Hoyt Greenville McNeel if they “ shall deem it necessary or desirable for any reason to do so ”.
The deceased left assets in the United States having a value of $121,000 while her estate in England amounted to approximately $12,000, consisting in each case of property solely and jointly owned. The executor has filed a United States estate tax return showing Federal taxes due in the amount of $9,104.29 which has been paid. The British death duties, subjecting both the English and American assets of deceased to tax, amount to $40,000. Through a combination of circumstances, which it is not presently necessary to describe in detail, it has been established that about half of the death duties due are attributable to the property owned solely by the deceased and the balance to the assets jointly owned. There is, as a result, a deficiency of $10,000 in funds available in England to meet the tax due on the assets owned solely by the deceased. The question is there *361 fore presented as to whether the executor is under any duty to transmit to a representative of the estate, if one is appointed in England the amount required to discharge the taxes payable to the British Government.
It is, of course, fundamental that no State or Nation has the power, in the absence of reciprocal agreement, to enforce the revenue laws of another jurisdiction (State of Colorado v. Harbeck, 232 N. Y. 71). This principle is established under English law as it is under our own (7 Halsbury’s Laws of England [3d ed.], “ Conflict of Laws ”, p. 11). It should be noted that there is no treaty or convention between Great Britain and the United States which would require any court in either jurisdiction to aid in the collection of taxes owing to the other. Neither does the doctrine of comity impose such a duty (Matter of Lorillard [1922], 2 Oh. 638).
Under the circumstances disclosed in this proceeding, the court will not require the executor to transmit sufficient funds to the representative of the estate in England to discharge the English death duties but will exercise the discretion permitted it under section 164 of the Surrogate’s Court Act and direct the delivery of the distributable balance of the estate to the trustees of the inter vivos trust which has its situs in this jurisdiction (Matter of Ruperti, 194 Misc. 376).
Submit decree on notice settling the account as filed.