Joseph A. Cox, S.
In ibis proceeding to settle Ms account, the temporary administrator and executor of the American estate of the decedent requests judicial instructions as to whether he may pay over the balance of the estate remaining in Ms hands to the persons entitled thereto under the decedent’s will without obligation or provision for death taxes that may be due and unpaid to the taxing authorities of the Republic of Cuba.
The decedent was a United States citizen who at the time of Ms death was a resident of Havana, Cuba. Substantially all of his personal property was held in custody and brokerage accounts in New York City and he left a will disposing of such property which was referred to therein as his “American Estate ”.
It is a uniformly recognized principle that the revenue laws of one country have no force or effect in another (Marshall v. Sherman, 148 N. Y. 9, 25). It has also been held that the distribution of estate funds located here will not be conditioned or withheld for compliance with foreign tax regulations (Matter of Tahtabourounian, 198 Misc. 553). In the Matter of McNeel (10 Misc 2d 359, 361) this court had a similar question presented to it. In answer thereto it made the following observation: “It is, of course, fundamental that no State or Nation has the power, in the absence of reciprocal agreement, to enforce the revenue laws of another jurisdiction (State of Colorado v. Harbeck, 232 N. Y. 71). This principle is established under *545 English law as it is under our own (7 Halsbury’s Laws of England [3d ed.], 1 Conflict of Laws’, p. 11). It should be noted that there is no treaty or convention between Great Britain and the United States which would require any court in either jurisdiction to aid in the collection of taxes owing to the other. Neither does the doctrine of comity impose such a duty (Matter of Lorillard, [1922], 2 Ch. 638).”
At present there is no existing treaty between the United States and the Republic of Cuba relating to taxes.
The court, therefore, rules that the petitioning temporary administrator and executor herein has no obligation with respect to death taxes that may be due and unpaid to the taxing authorities of the Republic of Cuba and directs that he pay over the balance of the estate remaining in his hands to the persons entitled thereto under the decedent’s will.
Submit decree on notice settling the account accordingly.