Charles A. Loreto, J.
Petitioner, as trustee, seeks instruction and direction as to whether it has any obligation to pay, out of principal of the trust, British estate duties payable by virtue of the deaths of life income annuitants of the trust.
By a prior order of this court, petitioner obtained full relief on all other requests made in its original petition (N. Y. L. J., April 10,1959, p. 12, col. 1, Steuer, J.).
The application for this construction was therein denied with leave to renew upon notice to the British government, which has now been given. The latter has not appeared on this proceeding.
The grantor created the trust in 1930. He died in 1933. At the time of the creation of the trust and at his death he was a domiciliary and national of England.
The trust indenture named the Guaranty Trust Company of New York as trustee. Petitioner is the successor in interest of the Guaranty Trust Company by merger. The trust res consisting of stock certificates was transferred by the grantor to the trustee and at all times had its situs in this jurisdiction.
The trust is a New York trust and must be construed under the laws of this State. Article Thirteenth of the indenture provides that “ without regard to the laws of any other state or country wherein the parties may happen to be at the time of the execution of [the] instrument or may now or hereafter reside * * * and for all purposes the parties hereby acknowledge and submit to the jurisdiction of the courts of the State of New York * * * as if they were domiciled in * # * New York”
The indenture provides that six annuities be paid out of the net income of the trust for the life of the annuitants. Several of the annuitants have died. Five charitable institutions are *358 entitled to receive any net income over and above the amount of the annuities payable under the indenture. The remainder of the trust is now vested in the estate of the daughter of the grantor.
The trustee has been notified by solicitors in England representing the estates of the deceased annuitants that under British law the trustee has an obligation to pay out of the principal of the trust duties (estate) imposed by the English government on the estates of the life annuitants because the grantor was at the time of the creation of the trust and at his death a domiciliary of England, and the deceased life income annuitants were at the time of their respective deaths likewise domiciliaries of England. Therefore, the trustee has been requested to remit the trust’s appropriate share of British estate duties.
The courts of this State will not enforce the revenue laws nor aid in the collection of taxes of another State or Nation absent reciprocal agreements (State of Colorado v. Harbeck, 232 N. Y. 71; Matter of Bliss, 121 Misc. 773; Matter of Martin, 136 Misc 51, affd. 229 App. Div. 772, affd. 255 N. Y. 359; Matter of McNeel, 10 Misc 2d 359; Matter of Lamar, 15 Misc 2d 544). No reciprocal agreement between our Government and that of Great Britain pertaining to this matter has been shown. Hence the court instructs that the trustee is not required to comply with requests and demands by representatives of deceased life annuitants or others for payment of British estate duties imposed on such deceased annuitants out of the principal of the trust.