Vincent A. Lupiano, J.
This is a proceeding by Chemical Bank New York Trust Company to settle its account as successor trustee under an indenture of trust dated June 4, 1918 between Francis Edward Bliss, as grantor, Ethel Cicely Mahony, his intended wife as party of the second part, and James Howard Bliss and Robert Stanley Patterson, as trustees. The agreement was in the nature of a marriage settlement, was executed by all the parties in London, England, where all the parties to the agreement then resided. The grantor and Ethel Cicely Mahony were subsequently married.
In 1929, preparatory to moving their residence to the United States, the grantor and his wife appointed new trustees, two individuals residing in the United States, and secondly, Fulton Trust Company of New York, a New York banking corporation, to succeed the individual American trustees. Chemical Bank New York Trust Company is successor by merger to Fulton Trust Company of New York. Since 1929 the assets of the trust have been held in the County of New York and the trust has been administered here.
The successor trustee previously accounted in this court and requested a construction of the deed of trust in a number of particulars including a determination as to the law governing the substance and validity of the trust. The order of this court, dated June 27, 1955, in that proceeding provides in part as follows: “ 1 That all questions of validity, interpretation and effect of the said Deed of Trust are governed by and should be determined by the Laws of England ’ ’.
By the terms of the deed of trust the wife, Ethel Cicely Bliss, is given a special limited power of appointment after the death of the grantor husband, exercisable during the lifetime or by her will. The grantor died in 1930, and by certain instruments executed and delivered to the trustee in December, 1959 Ethel Cicely Bliss has appointed the property, one half to her daughter, Enid Bliss MacMillan; one fourth to her daughter, Cynthia Marjorie Patricia Corry and one fourth to her son Frederick Henry Patrick Mahony. Concededly, the appointees are within the class to which the appointment is limited. The appointees have accepted the appointments and have joined with Ethel Cicely Bliss in requesting the trustee to terminate the trust and pay over the remainders to them.
*971 The attorneys for the trustee, the special guardian for the infants (issue of Cynthia Marjorie Patricia Corry) and the attorneys for the appointees have each independently obtained opinions from separate eminent English counsel as to whether the appointments are valid and the trust terminated under English law; by stipulation of counsel these opinions are in evidence before the court. The opinions of English counsel are unanimous to the effect that the appointments are valid, the trust is terminated and the remainder is distributable to the appointees.
The special guardian for the infants has reported that the opinions of English counsel and his independent research have led him to the conclusion that English law governs this question of substance and that any contingent rights his wards may have had were effectively cut off by the exercise of the power of appointment, and that the remainders have vested and are now distributable to the appointees.
Whether the prior decree of this court is binding on the infants, who were not parties to that proceeding, need not be passed upon, as this court, upon the facts before it, is satisfied that English law governs the substance, validity and interpretation of the deed of trust. The court is also satisfied that under English law the power of appointment was validly exercised by Ethel Cicely Bliss and the remainders vested and are distributable to her appointees. It follows that the income from the trust since the appointments were delivered to the trustee is payable to the appointees in the proportion of the amount of principal appointed to them.
The trustee has also requested a ruling as to whether it must retain any reserve for possible United Kingdom estate duties which may be assessed against the trust. Our courts have consistently held that, in the absence of a treaty or reciprocal agreement, the courts of New York will not enforce the revenue laws of other jurisdictions (State of Colorado v. Harbeck, 232 N. Y. 71; Matter of Matthews, 21 Misc 2d 356; Matter of Lamar, 15 Misc 2d 544; Matter of McNeel, 10 Misc 2d 359). I do not find, nor has it been demonstrated, that there is any such reciprocal agreement in that pertinent phase. I conclude, therefore, that the trustee is not obligated to reserve any part of the fund for payment of United Kingdom estate duties that may be payable on the death of the life beneficiary on account of this trust or the interest therein of any person.
Accordingly the motion is granted. Settle order at which time fees and allowances will be fixed upon proper affidavits of service which shall be mutually exchanged prior to the settlement of the order hereon.