In the Matter of the Accounting of ENOCH G. MEGRUE, as Executor of JOSEPH R. MEGRUE, Deceased, Respondent.

MINNIE MEGRUE, Appellant.

Decedent's esta e — testamentary trust — trust fund consisting of corporate stock — apportionment between life beneficiary and trust fund of stocks of subsidiary corporations distributed to stockholders of holding corporation — intention of testator as to apportionment of such stocks, as expressed in his will and codicil, must con ro .

1. Where there is a controversy between the life beneficiary of a testamentary trust, which consists of shares of stock of a corporation, and the trustee as to the disposition of shares of stock of subsidiary corporations distributed by the first named corporation under a decree of the Federal courts, made in an action under the Anti-trust Law, such disposition depends primarily upon a consideration of the testator's intention as expressed in his will and codicil.

2. Testator gave certain shares of the capital stock of a corporation to his executor in trust, the income thereof to be paid to his wife during her lifetime and the remainder to his son. In a codicil he· provided that should the company make a stock dividend or increase its capital such increase should be held by the trustee as part of the principal and follow the original shares. After testator's death, the original company pursuant to a decree of the Federal court distributed to the trustee his proportionate share of stock in two subsidiary companies, whose stock was owned by it at the time of the testator's death, and subsequently these two companies sold out part of their properties and business to two new companies, receiving stock of such companies in consideration of the sale, which stock they distributed among their stockholders. *Held*, that the stocks in the two new companies thus received by the trustee in such distribution belong to the capital of the trust estate, and not to the life beneficiary. (*United States Trust Co.* v. *Heye*, 224 N. Y. 242, distinguished.)

*Matter of Megrue*, 181 App. Div. 747, affirmed.

(Argued April 25, 1918; decided October 15, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department,

entered February 26, 1918, which reversed a decree of the New York County Surrogate's Court settling the accounts of the executor of Joseph R. Megrue, deceased.

The facts, so far as material, are stated in the opinion.

*John M. Gardner* for appellant. The distribution of the pipe line stock in question to the trustee herein did not impair or intrench upon the corpus of the trust fund, as it existed at the creation of the trust, and is, therefore, income belonging to the life beneficiary. (*Hazzard* v. *Phillips*, 173 App. Div. 425; *Matter of Osborne*, 209 N. Y. 450.) The extraordinary distribution declared was paid out of profits, and not out of capital of the corporation. (*Williams* v. *W. U. Tel. Co.*, 93 N. Y. 162; *Roberts* v. *Roberts-Wickes Co.*, 184 N. Y. 257; *Russell* v. *A. G. & El. Co.*, 136 N. Y. Supp. 602; *Eq. L. Assur. Society* v. *U. P. R. R. Co.*, 147 N. Y. 388; *Lowry* v. *F. L. & T. Co.*, 172 N. Y. 137; *Robertson* v. *de Brulatour*, 188 N. Y. 310; *Pipe Line Cases*, 234 U. S. 538; *Smith* v. *Dana*, 77 Conn. 543.) To hold that the pipe line stocks in question should be added to principal would directly contravene the statute against accumulations. (*Matter of Brann*, 219 N. Y. 263; *Matter of Schaefer*, 178 App. Div. 171.)

*Edward J. McGuire* for respondent. The pipe line shares described in the order appealed from constitute part of the principal of the trust fund under the will of Joseph R. Megrue, deceased. (*Matter of Rogers*, 161 N. Y. 108; 22 App. Div. 428; *Lord* v. *F. L. & T. Co.*, 172 N. Y. 137; *Matter of Osborne*, 209 N. Y. 450; *Thayer* v. *Burr*, 201 N. Y. 155.)

HOGAN, J. The facts in this case are undisputed. So far as material to be considered they will be referred to.

Joseph R. Megrue died October 8th, 1910, leaving a last will and a codicil thereto, dated respectively, Sep-

tember 29th, 1906, and November 1st, 1908, which instruments were duly admitted to probate December 19th, 1910. The deceased left him surviving his widow, Minnie Megrue, the appellant herein, and two children by his first wife, viz., Anna Louise Bell and Enoch G. Megrue, the respondent, who was named as executor and trustee of the last will of Joseph Rust Megrue.

By the third clause of the will of Joseph Rust Megrue the testator gave and bequeathed to his executor and trustee therein designated one hundred shares of the capital stock of the Standard Oil Company of New Jersey in trust to pay the net income of the same to Minnie Megrue, the wife of the testator, for and during the term of her natural life. Upon the death of Minnie Megrue the one hundred shares of stock are bequeathed absolutely to Enoch G. Megrue.

The respondent received and holds by virtue of the trust created for the benefit of Minnie Megrue one hundred shares of the capital stock of the Standard Oil Company of New Jersey.

On November 15th, 1906, about seven weeks subsequent to the execution of the will of the testator, an action was commenced by the United States under the anti-trust law against the Standard Oil Company of New Jersey, which was finally determined in May, 1911, adversely to the oil company. (*Standard Oil Company of New Jersey* v. *U. S.*, 221 U. S. 1.)

Pending that litigation and on November 1st, 1908, testator executed a codicil to his will and thereafter and before the final determination of the action departed this life.

The Standard Oil Company of New Jersey under the decrees entered in the action mentioned distributed to its stockholders shares of stock theretofore held by it in subsidiary companies amongst which were the Prairie Oil and Gas Company and Ohio Oil Company. Mr. Megrue, as trustee, on account of the one hundred shares

of Standard Oil Company stock held by him received under such distribution eighteen and a fraction shares of the stock of the Prairie Oil and Gas Company, and sixty-one and a fraction shares of the stock of the Ohio Oil Company which he has held as part of the trust save as to the fractional shares, which he as trustee with the approval of the parties interested sold and thereafter invested the proceeds of such sale.

In 1914, by decree of the United States Supreme Court, it was adjudged that the Prairie Oil and Gas Company and the Ohio Oil Company which had been engaged in the production of oil and the transportation of oil by pipe lines could not carry on the business of producing and transporting oil simultaneously. (234 U. S. 548.) Thereupon each of the companies resolved to sell its pipe lines.

The Prairie Oil and Gas Company on or about February 1, 1915, sold and transferred to the Prairie Pipe Line Company all its pipe line properties in consideration of the entire capital stock of the latter company, two hundred and seventy thousand shares of the par value of one hundred dollars each.

The Ohio Oil Company on or about January 1st, 1915, sold and transferred to the Illinois Pipe Line Company all its pipe line properties in consideration of the total capital stock of two hundred thousand shares of the latter company of the par value of one hundred dollars each. The value of the stocks thus received was equivalent to the value of the pipe lines sold and transferred by each of said companies. Each of the companies distributed the stock received from the new companies to and amongst its own stockholders.

On or about February 1st, 1915, Enoch G. Megrue, the trustee, received twenty and a fraction shares of stock of the Illinois Pipe Line Company, and on or about March 22d, 1915, he received twenty-seven and a fraction

shares of stock of the Prairie Pipe Line Company, which shares of stock he claims to hold as principal of the trust. The appellant asserts that the shares of stock belong to her as income.

The decree of the Surrogate's Court awarded to appellant the shares of stock as income. Upon appeal by the trustee the adjudication made by the Surrogate's Court was reversed by the Appellate Division and the latter court determined that such shares of stock were held by respondent as trustee under the will of Joseph Rust Megrue, deceased, as part of the càpital of the trust estate created therein for the benefit of Minnie Megrue. The latter named appeals to this court.

The controversy between the life tenant and the remainderman as to the disposition of the shares of stock depends primarily upon a consideration of the intention of the testator as expressed in his will and codicil. The will discloses that the testator intended specifically to dispose of two hundred shares of stock of the Standard Oil Company of New Jersey, one hundred shares he bequeathed absolutely to his daughter, one hundred shares constitute the trust fund. Having created the trust for the benefit of his wife, the testator proceeded to express his intention as to the portion of his estate she should enjoy in the following language:

" I make this provision for my wife feeling that the income derived from this trust, together with her dower rights to the property known as ' The Avondale ' situate at Number 288–290 West 92d Street in the Borough of Manhattan, City of New York, is a just and sufficient provision for her.  *  *  *  I hereby confirm the gifts heretofore made by me to my said wife Minnie Megrue of the houses, Number 158 Chelsea Avenue, Long Branch, New Jersey and Number 158 West 92d Street, New York City, together with the entire contents and furnishings of same."

The first paragraph of the codicil provided:

" Should the Standard Oil Company of New Jersey make a stock dividend or increase its capitalization, then and in that event, I give and bequeath to my said executor and trustee upon the trust created by the third paragraph of my last will and testament for the benefit of my wife, Minnie Megrue, such increase as may arise from the one hundred shares of the capital stock of the Standard Oil Company of New Jersey heretofore bequeathed to him, to be held by him as part of the principal of such trust, such increase, if any, shall follow the original shares as finally disposed of."

Notwithstanding that the provisions of the codicil while valid as to capital, if it directed an accumulation of income was inoperative (Personal Property Law [Cons. Laws, ch. 41], section 16), still for the purpose of ascertaining the intention of the testator we are required to read the will and codicil together. (*Van Kleeck* v. *Dutch Church of N. Y.*, 20 Wendell, 457; *Kiah* v. *Grenier*, 56 N. Y. 220; *Tilden* v. *Green*, 130 N. Y. 29, 55.)

An examination of the instruments discloses that the particular beneficiaries of the testator's bounty were three in number, Minnie Megrue, his second wife, and a daughter and a son by his first wife. Chronologically his wife was the first one of the three for whom he made provision. He expressly stated his desire to make " a just and sufficient provision for her." That he was qualified to estimate the amount necessary to provide for her maintenance and comfort may fairly be assumed, particularly in view of later provisions of his will. He had been the owner of shares of the capital stock of the Standard Oil Company of New Jersey for some years. Presumably he was familiar with the value of the same and well informed as to the amount of dividends annually paid thereon. Possessed of such information he created the trust for the benefit of his wife. The income from

19

the same in connection with the inchoate right of dower of his wife in " The Avondale " owned by him in the city of New York, he considered to be a just provision for her. Later, in the same clause of the will, seemingly to emphasize his solicitude for her comfort and perchance to make public avowal that he deemed her well provided for and to avoid opportunity for controversy in the event of his demise, he made reference to gifts of specific real and personal property theretofore made by him to her, the value of which was undoubtedly known to him, and confirmed such gifts.

That the testator as a stockholder in the Standard Oil Company was naturally interested in the result of the action against that company instituted subsequent to the execution of his will and considered the effect of any decree which might be made dissolving the alleged trust as affecting the stock held by him or, in the event of his death, the shares of stock constituting the corpus of the trust created by him for the benefit of his wife, is clearly apparent from the language employed in the codicil.

In the event of a decree adverse to the company, the extent or form of the final judgment to be entered thereunder could not be foreseen by the testator. Evidently he was familiar with the decisions made by the United States Supreme Court in earlier cases and anticipated that the Standard Oil Company would increase its capitalization or declare stock dividends from the shares of stock held by it in subsidiary corporations. Having by his will intended that the provision therein made for his wife should be limited in so far as the yield of his estate she was to enjoy, he thereupon in his codicil bequeathed to the trustee such increase as may arise from the one hundred shares of stock of the Standard Oil Company " to be held by him as a part of the principal of such trust, such increase if any, shall follow the original shares as finally disposed of," i. e., pass to the remainderman.

The fact that the testator by his codicil referred to increased capitalization or the declaration of a stock dividend by the Standard Oil Company, and that the shares of stock in controversy were distributed by the Ohio Oil Company and Prairie Oil and Gas Company does not determine the character of such stock as income. The trustee held and was required to preserve as capital of the trust fund one hundred shares of stock of the Standard Oil Company. Such shares of stock represented his proportionate interests in the assets and property of the Standard Oil Company including all shares of stock of subsidiary companies held by it, among which were shares of capital stock of the Ohio Oil Company and Prairie Oil and Gas Company.

In September, 1911, when the Standard Oil Company withdrew from its capital all shares of stock held by it in subsidiary corporations and distributed the same to its stockholders, such distribution though operating as a reduction of the capital of the Standard Oil Company did not affect the value of the Standard Oil Company stock in the custody of the trustee as the transfer of shares of stock of the subsidiary companies to him preserved the original value of the Standard Oil Company stock and the corpus of the trust fund. Such shares of stock received by the trustee under the distribution became a part of the capital of the trust and represented the proportionate interest of the trustee in all of the assets and property of the two companies named, a portion of which consisted of pipe lines and equipment. In 1915 the two companies withdrew from capital the pipe line and equipment property and sold the same to two several corporations in consideration of the entire capital stock of said companies, namely, twenty million dollars and twenty-seven million dollars respectively, which stock as found was equivalent in value to the value of the capital of such corporations. The shares of stock

received by the companies for pipe line property and equipment were distributed by the two companies to the respective stockholders thereof. Such distribution was, as in the case of the Standard Oil Company, a distribution of capital and the shares of stock received by the trustee thereby became a part of the corpus of the trust fund. An award of such shares of stock to the life tenant would deplete the capital of the trust fund to the extent of the value of the same and conflict with the clearly defined intention of the testator.

The conclusion reached in this case is not in conflict with the determination in the *Heye* case, decided herewith. A marked distinction exists between the will considered in the *Heye* case and the will and codicil in the case at bar.

In the *Heye* case the trust was created in February, 1899. The Prairie Oil and Gas Company was not then organized and of necessity did not own any pipe lines. That company was organized in the year 1900 and did not own pipe lines until 1904.

The Ohio Oil Company though organized in the year 1877 did not acquire pipe lines property until 1906. As stated in the opinion of Judge CRANE the pipe line properties of the two companies were acquired from earnings of the two corporations arising subsequent to the creation of the trust, and consequently such properties did not form a portion of the trust set up in 1899.

In October, 1910, the trust in the case at bar became effective. At that time the Ohio Oil Company and the Prairie Oil and Gas Company had severally owned and operated pipe line properties for some years. The capital stock of the two companies was then owned by the Standard Oil Company of New Jersey. The shares of stock of the two companies held by the trustees which constitute the corpus of the trust embraced the interest of the Standard Oil Company in the property of the two pipe

line companies including the pipe lines and equipment owned by them, and as heretofore stated the shares of stock of the two companies transferred by the Standard Oil Company to the trustee in 1911 were a part of the corpus of the trust created by the testator in 1910. Consequently when the two companies disposed of a valuable portion of property, namely, pipe lines and equipment, in consideration of the entire capital stock of the two new companies to which the properties had been conveyed and apportioned the stock amongst the holders of stock of the Ohio Oil Company and Prairie Oil and Gas Company, such apportionment was merely a distribution of the stock and security represented by the capital of the trust under the will of Mr. Megrue at the time of the creation thereof in October, 1910, and, therefore, properly held to be capital.

The order below should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and McLAUGHLIN, JJ., concur.

Order affirmed.