MINNIE MEGRUE, Plaintiff, *v.* ENOCH G. MEGRUE, Individually and as Trustee and Executor, etc., of JOSEPH R. MEGRUE, Deceased, Defendant.

First Department, January 9, 1931.

*John M. Gardner*, for the plaintiff.

*Rush Taggart* of counsel [*Carter, Ledyard & Milburn*, attorneys], for the defendant.

MARTIN, J. The question involved upon this submission is whether the decree in a former accounting proceeding in the Surro-

gate's Court is *res adjudicata* and operates to prevent the allocation to principal, as required by the will and codicil, of certain stock dividends declared upon stock held in trust.

Joseph Rush Megrue died a resident of the county of New York on October 8, 1910, leaving a will and codicil which were admitted to probate in the Surrogate's Court, New York county, on December 19, 1910, and letters testamentary were issued to Enoch G. Megrue, the defendant herein.

The 3d paragraph in the will provided as follows: " I give and bequeath to my Executor and Trustee hereinafter named One hundred shares of the Capital Stock of the Standard Oil Company of New Jersey upon the following trust, to wit: to pay the net income of same to my wife Minnie Megrue, for and during the term of her natural life. After the death of my said wife, I give and bequeath the said One hundred shares of the Capital Stock of the Standard Oil Company of New Jersey, to my son, Enoch Gest Megrue, for his own use and benefit forever."

In the 1st paragraph of the codicil we find the following: " Should the Standard Oil Company of New Jersey make a stock dividend or increase its capitalization then and in that event, I give and bequeath to my said Executor and Trustee upon the trusts created by the Third paragraph of my last Will and Testament for the benefit of my wife, Minnie Megrue, such increase as may arise from the One hundred shares of the capital stock of the Standard Oil Company of New Jersey heretofore bequeathed to him, to be held by him as part of the principal of such trust, such increase, if any, shall follow the original shares as finally disposed of."

We must decide whether the particular dividends declared since December 31, 1927, belong wholly to principal, in view of the provisions of the will and codicil above quoted, under the decision in *Equitable Trust Co.* v. *Prentice* (250 N. Y. 1), or whether such stock dividends must be apportioned between principal and income of the trust, in the proportion in which they were declared from income of the companies earned subsequent to the date of testator's death on October 8, 1910.

*Equitable Trust Co.* v. *Prentice (supra)* established the validity of a provision in a deed of trust directing that stock dividends declared on stock held in trust be added to the principal of the trust, whether declared out of earnings prior or subsequent to the date of creation of the trust.

It is contended by the defendant that unless the situation as here presented was modified in some way by the effect of the decree of the Surrogate's Court of October 18, 1915, in the previous accounting proceeding, the provisions of the will and codicil directing all.

stock dividends to be added to the principal of the trust are valid and binding.

We are of the opinion that the decree of the Surrogate's Court of October 18, 1915, does not affect the question here for decision. The former decree of the Surrogate's Court was entered in an accounting proceeding upon objections to specific items in the executor's account.

It now appears to be well settled that in accounting proceedings, a decree or order settling an account amounts to a decision only as to the specific items included in the accounts involved; it does not establish any binding precedent which is *res adjudicata* as to future items. In *Bowditch* v. *Ayrault* (138 N. Y. 222) the Court of Appeals said: " Those accountings have been approved by the surrogate and must be regarded as conclusive upon all past transactions and payments covered by them. They form no bar, however, to the proper decision of the question now presented as to the distribution of the property now in the hands of the trustee."

Under the codicil of Joseph R. Megrue it was provided that if there should be a stock dividend from the Standard Oil Company of New Jersey, the stock dividend should be considered principal and not income and made a part of the corpus of the estate, to be held by the trustee as principal of a trust therein created, " such increase, if any, shall follow the original shares as finally disposed of."

When the prior accounting came before the Surrogate's Court the surrogate construed this clause of the will as a violation of the law which limited accumulations, and held that the stock dividend could not be applied as provided in the will. He directed that all of the stock dividend representing income should go to the life tenant and the portion that was not income should be placed with the principal, eventually to go with the principal of the trust. That decision was affirmed by both the Appellate Division and the Court of Appeals. (*Matter of Megrue*, 170 App. Div. 653; 217 N. Y. 623.)

It is now argued that the law has been changed by decisions of the Court of Appeals and that it has recently been held in several cases that a similar direction in a deed of trust was not contrary to the law providing against certain accumulations and that one had a right to direct that in case there were any stock dividends they should be applied to principal and not income and should be made a part of the trust estate.

In *Equitable Trust Co.* v. *Prentice* (*supra*) the court held that one could direct how the stock dividends should be applied, and

also said: " Dicta are quoted in support of the contention that to allocate such a dividend to capital is to accumulate unlawfully (*Matter of Osborne*, 209 N. Y. at p. 475; *Matter of Megrue*, 224 N. Y. 284, 289). They are dicta and no more. Stock dividends were rare, if not unknown, when the Revised Statutes were enacted. There is no reason to believe that they were expressly within the thought of those who framed the prohibition. This is not to say of necessity that they are not within its implications."

In the former accounting the surrogate's decree provided as follows: " It is hereby ordered and decreed, that Enoch G. Megrue, trustee under the last will and testament and codicil thereto of Joseph R. Megrue, deceased, transfer and deliver to Minnie Megrue one-half of the shares of stock declared as stock dividends mentioned in the said Stipulation A, the same representing profits of said companies realized since October 8, 1910, it being hereby adjudged and decreed that said portions of said stocks declared as stock dividends, representing profits of said companies realized since October 8, 1910, form a part of the income of the said trust estate established by the said last will and testament and codicil thereto, and belong to and are payable as such income to the said Minnie Megrue under the provisions of said will and codicil, and do not form a part of, and should not be added to the corpus of the said Trust Estate."

In the case of *Kirk* v. *McCann* (117 App. Div. 56) it was held that although the decrees of a Surrogate's Court made upon the accounting of a trustee are conclusive as to the payments covered by such accounting, they form no bar to a proper decision of the question so far as it relates to property coming into the hands of a trustee subsequent to the accounting or still in his hands. (Citing *Bowditch* v. *Ayrault, supra; Matter of Hoyt*, 160 N. Y. 607; *Rudd* v. *Cornell*, 171 id. 114.) The *Kirk* case was approved in *Central Trust Co.* v. *Falck* (177 App. Div. 501), construing the will of Jason Rogers. There it was held that the surrogate's decision with reference to all income accumulated up to the time of his decision was *res adjudicata* and conclusive, but that for subsequent accumulations on a subsequent accounting a correct decision of the law could be made irrespective of what was done on the prior accounting. The surrogate could correctly direct how accumulations should be applied even though it was contrary to the prior decision.

We have several adjudications of this question by this court holding that when necessary in an accounting proceeding a surrogate may construe a will and his construction is conclusive in all matters up to the time of that accounting proceeding; that upon a subsequent accounting if it is found that the construction of the will

on the former accounting was erroneous, a correct construction may be made and the accounting must proceed in accordance therewith.

The decree of the surrogate in the former accounting is *res adjudicata* only as to matters adjudicated in that accounting, and does not prevent the allocation to principal of the stock dividends as required by the will and codicil of Joseph R. Megrue.

Judgment should, therefore, be rendered in favor of the defendant directing that the stock dividends in question be added to the principal of the trust in accordance with the provisions of the will and codicil.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment directed in favor of defendant in accordance with opinion. Settle order on notice.