CITY BANK FARMERS TRUST COMPANY (Formerly Known as THE FARMERS' LOAN AND TRUST COMPANY), Individually and as Trustee under Deed of Trust Dated May 4, 1918, Made by WOOD FOSDICK (Now Deceased) for the Benefit of ANNA FOSDICK ERNST and Others, Plaintiff, *v.* ANNA FOSDICK ERNST and Another, Respondents, Impleaded with KATHERINE DAVIES ERNST, Defendant, and CITY BANK FARMERS TRUST COMPANY (Formerly Known as THE FARMERS' LOAN AND TRUST COMPANY), as Executor, etc., of WOOD FOSDICK, Deceased, and Another, Appellants.

First Department, April 15, 1932.

*E. J. Dimock* of counsel [*Lewis L. Delafield* with him on the brief; *Hawkins, Delafield & Longfellow*, attorneys], for the appellants.

*Windsor B. Putnam* of counsel [*Fitzhugh McGrew* with him on the brief; *White & Case*, attorneys], for the respondents.

TOWNLEY, J. This action was brought by the plaintiff, as trustee, for a judicial settlement of its accounts and for a construction of the deed of trust. The deed of trust, dated May 4, 1918, made provision for the donor's nieces, Anna Fosdick Ernst and

Frances L'Hommedieu Jones. It recites that the donor has delivered to the trustee 600 shares of stock of the General Electric Company in trust to divide the same into two funds of 300 shares each, to pay the net income of each to the defendant Anna Fosdick Ernst and the defendant Frances L'Hommedieu Jones, respectively, and upon their respective deaths to pay the net income to the defendant Katherine Davies Ernst for her life. The deed of trust contains the following clause which is the subject of this appeal: " Anything hereinabove contained to the contrary notwithstanding, said trustee shall transfer to said donor, or if he is dead, to his executor or administrator, free of all trusts hereby created, any and all stock dividends which it may from time to time receive on any stocks held by it hereunder."

In January, 1925, the General Electric Company distributed stock of Electric Bond and Share Securities Corporation to its stockholders share for share. This stock has been held undistributed by the trustee. The present Electric Bond and Share Company, the successor of the company whose stock was distributed, now pays its regular dividend in stock. The ownership of both groups of stock is in question.

It was held by the Court of Appeals in *Matter of Megrue* (224 N. Y. 284) that the question involved in the construction of a clause such as the present is one of fact. The clause should be read to give effect to the intention of the donor.

At the time this trust was created, on May 4, 1918, the financial history of the General Electric Company as to dividends had been as follows: From May, 1902, to April 15, 1926, the year the donor died, regular cash dividends at the rate of eight per cent per annum had been paid with an additional cash dividend of one dollar per share paid August 20, 1917. Stock dividends of sixty-six and two-thirds per cent had been paid on July 15, 1902, and one of thirty per cent on January 18, 1913. Prior to 1917 there had been frequent stock dividends at the rate of four per cent, and on November 27, 1917, approximately six months prior to the inception of the trusts, General Electric Company announced a policy of paying such stock dividends at the rate of four per cent semi-annually. The intention of the donor, when the language of the deed of trust is considered in the light of the prior financial history of the company, seems clear. He intended that the beneficiaries should receive the income derived from the cash dividends and reserved to himself such stock dividends as might be declared out of surplus earnings or through any adjustment of the capital structure of this company. This was the practical construction placed upon the provision of this trust prior to the death of the donor. The cash dividends as

they accrued were paid to the beneficiaries, and the stock dividends and certain subscription rights (which accrued on January 14, 1918, and on April 6, 1920) were paid to the donor.

The respondents, however, contend that different considerations apply to the stock dividends declared in stock of the Electric Bond and Share Securities Corporation. They claim that the reservation in the trust deed by which the testator reserved to himself " any and all stock dividends " is limited in effect to dividends declared in stock of the General Electric Company and has no application to the stock dividends involved here.

The interest of the General Electric Company in various utility properties had for many years been represented by its holdings in the stock of the old Electric Bond and Share Company. On December 31, 1924, it organized the Electric Bond and Share Securities Corporation and transferred all the stock of the old Electric Bond and Share Company to it in exchange for all the stock of the new corporation. This stock was then distributed to the stockholders of record of the General Electric Company. By this distribution the trustee of this trust received 600 shares of common stock and the General Electric Company divested itself of the ownership of its subsidiary. This distribution was in the nature of a distribution of capital and substantially affected the value of the shares of the General Electric stock and was equivalent to a stock dividend of the parent company. The two companies were part of a common enterprise, the ownership of which was represented by the securities which were the subject of this trust.

A provision much more restricted than the one in the present trust was construed in the *Megrue Case* (*supra*). In that case the clause under consideration read as follows: " Should the Standard Oil Company of New Jersey make a stock dividend or increase its capitalization, * * * I give * * * such increase * * * as part of the principal * * *." Two of the Standard Oil · Company's subsidiaries whose stock had been allocated to principal under a prior decision of this court (*Matter of Megrue*, 170 App. Div. 653; affd., 217 N. Y. 623), distributed to their stockholders stock in the Illinois Pipe Line Company and the Prairie Pipe Line Company. The court held (p. 292) that " An award of such shares of stock to the life tenant would * * * conflict with the clearly defined intention of the testator." While the testator's words were literally limited to stock dividends made by the Standard Oil Company of New Jersey, the court in giving effect to the intention of the testator applied these words to dividends made by a subsidiary of the Standard Oil Company of New Jersey in stock other than that of the paying company. By a parity of reason-

ing, the donor of the trust here construed should be entitled to the result of distributions of the subsidiary which substantially affected the capital holdings of the parent company. The donor plainly intended to limit his provision for the beneficiaries to the fixed cash dividends which had been uniformly paid by this company for a great many years, and reserved to himself the capital investment and any distribution of excess earnings in the form of stock.

As to the stock dividends paid by the new Electric Bond and Share Company, these are clearly stock dividends on stock held by the trustee and should be delivered to the executor. The deed in words refers to " any and all stock dividends " which may be received by the trustee " on any stocks held by it hereunder."

The interlocutory judgment should be modified by striking out the word " not " from paragraph 1 so as to provide that it was the intention of the donor that the distribution of stock of the Electric Bond and Share Securities Corporation constituted a stock dividend within the meaning of the deed of trust, and by striking out paragraphs 2 3, 4 and 5 of the interlocutory judgment, and as modified affirmed, with costs to the appellants against the respondents.

FINCH, P. J., McAVOY, MARTIN and SHERMAN, JJ., concur.

Judgment modified as indicated in opinion and as so modified affirmed, with costs to the appellants against the respondents. Settle order on notice, reversing any findings inconsistent with this determination, and containing such new findings of fact proved as may be necessary to sustain the judgment hereby awarded.