In the Matter of the Estate of ANNA A. GOTTHELF, Deceased.

Surrogate's Court, Westchester County, July 6, 1934.

*Frederick Walz,* for the petitioners.

*Winthrop, Stimson, Putnam & Roberts* [*Henry L. Steitz* of counsel], for the executors.

SLATER, S. This is a petition by the German legatees who seek to compel the decedent's executors to settle their account and ask for a determination as to, and a construction of the eighth paragraph of the will, which is as follows:

" *Eighth.* I direct that any estate, inheritance, legacy, succession or similar duty or tax which shall become payable under any present or future law in respect to any property or any interest or estate therein passing under this my Last Will and Testament shall be paid out of the principal of my residuary estate."

The will was executed June 12, 1926, and was admitted to probate September 18, 1933. The net estate will be about $80,000. Legacies amounting to $20,000 are given to the relatives residing in Germany.

It is the contention of the German legatees that it was the intention of the decedent to pay the tax demanded under the German Reich law taxing the passing of property to nationals in Germany. The amount of such a German tax is $3,500.

The court considered the eighth paragraph ambiguous and took extrinsic evidence to throw light upon the decedent's intention. The testimony of the draftsman of the will, a member of the firm acting as attorneys for the executors, was to the effect that a draft of the decedent's will as well as a brother's will was made in 1924. The fifth paragraph of the draft is identical with the eighth paragraph of the admitted will. The drafted will did not include the gifts to the German legatees as found in the subsequent and admitted will.

On September 24, 1925, a letter was received from the decedent by the draftsman of the will which made reference to " our wills," meaning her will and her brother's will, and that she had to " communicate with my relatives in Germany causing another delay," and that she had " all the information now and we will soon write you on that point." Later, the decedent sent to the draftsman a list of the names and addresses and the amounts to be given to the German legatees, with the statement thereon that all taxes were to be paid out of the residuary estate.

The decedent and her brother, August Gotthelf, were making reciprocal wills, the survivor's will to carry the gifts to the legatees in this country and Germany. A letter was written by the draftsman, under date of March 30, 1926, stating that " I am sending you herewith a draft of your proposed Will, which has been drawn in accordance with the conversation which I recently had with you and Miss Gotthelf. I have not prepared a similar draft for Miss Gotthelf's Will as it will be practically identical with the one I enclose." This letter was addressed to Mr. August Gotthelf.

Later the draftsman attended upon the decedent and the brother and explained the effect of each clause of the will. With regard to the eighth clause, he testified as follows: " Q. Did you mention German — so-called German inheritance legacy taxes to her in

that way?  A. I did not.  Q. Did she make reference to possible German so-called estate inheritance legacy taxes?  A. She did not nor did her brother who was present at the same conversation. Q. This draft?  A. This draft, and I explained the will clause by clause, and when I came to that clause I explained that was intended to free any specific legacies from Federal and State inheritance taxes and possibly from other taxes of other states of the United States as part of the various securities required small payments to be made for transfer.  Q. I understand that this conversation had to do with the draft, the draft which did not contain any gift to any German legatees?  A. Right.  Q. When it came along spring of 1926, after she had written you this letter of September 24th, where she said that ' I had to communicate with my relatives in Germany,' was there any further conversation regarding the payment of estate or inheritance taxes?  A. No.  I think the previous answer, nothing was said about German taxes.  I had no other conversation."

It appears from the evidence that nothing was said regarding the payment of German taxes of any kind or character.

The German law of August 2, 1925, imposes a tax upon the " acquirer " of a legacy.

The " acquirer " tax is a tax against the person who takes the gift.  It is not a true inheritance or legacy tax.  The tax is imposed upon the recipient and does not in any way affect the executors in the estate.  Foreign taxes cannot be levied nor collected in our courts.  (*State of Colorado* v. *Harbeck*, 232 N. Y. 71.)

The solution of the question depends upon the intention of the decedent.  From the evidence and from the words of the eighth paragraph, I hold that it was not the intention of the decedent to pay out of the residuary estate a foreign acquirer's tax.  The words " any estate, inheritance, legacy, succession or similar duty or tax which shall become payable *under any present or future law in respect to any property* or any interest or estate therein " were intended to refer to the law of this State or country and not to a law of a foreign country.  I am not unmindful of *Matter of Muller* (N. Y. L. J. Nov. 14, 1929, p. 801), nor of *Matter of Brock* (Id. April 2, 1930, p. 32), nor of *Matter of Damschinsky* (Id. March 6, 1930, p. 2837).

Submit decree in accordance with this opinion and decision.