In the Matter of the Estate of JULIUS BAER, Deceased.

Surrogate's Court, New York County, November 18, 1936.

*Mitchell, Taylor, Capron & Marsh* [*James D. Ouchterloney* and *Earle J. Starkey* of counsel], for City Bank Farmers Trust Company, as trustee.

*Otto A. Samuels,* for the respondent, Julia R. Baer, widow.

*Joseph McCloskey,* special guardian of Ruth Appel and Doris Appel, infant respondents residing in Germany.

*Samuel Falk,* special guardian of Arthur L. Littman and others, infant respondents.

FOLEY, S. In this trustee's accounting a construction of the will is asked to determine whether taxes, costs and an attorney's fee assessed by the Republic of Germany against legatees, who are residents of that country, are payable out of the residuary estate. These taxes, costs and attorney's fees together with the penalty thereon amount to between $20,000 and $25,000. The testator died a resident of this county on November 24, 1931, and the first paragraph of his will reads: " I direct that all my just debts and funeral expenses shall be paid as soon as possible after my death and that all transfer, inheritance and succession taxes shall be paid out of my general estate."

The German subjects received their legacies in full and were made parties to the executor's accounting which was judicially settled by a decree dated December 23, 1932. No claim was made by them in that proceeding for payment of the taxes in dispute here. The decree directed the payment of the balance of the estate to the trustee for the purpose of setting up the trust of the residuary estate as directed by the will. The decree provided that the fund in the trustee's hands was still subject to the charge of further " transfer, succession, inheritance, estate or income taxes as may become payable *upon the said estate.*" This reservation related only to the Federal estate tax which had not yet been determined and to possible estate income taxes as set forth in Schedule Y of the account. The administration of the general estate terminated, therefore, with the settlement of the executor's account and with the setting up of the residuary trust. By the terms of the above quoted provision of the will, taxes were made payable out of the general estate as distinguished from the residuary estate. The question of charging the taxes imposed on the legatees by the Republic of Germany against the general estate should have been raised by them in the proceeding to settle the executor's account. The parties are now

estopped and concluded from questioning the distribution made under the decree of December 23, 1932. (*Bowditch* v. *Ayrault,* 138 N. Y. 222; *Matter of Hoyt,* 160 id. 607; *Rudd* v. *Cornell,* 171 id. 114; *Matter of Kohler,* 231 id. 353; *Megrue* v. *Megrue,* 231 App. Div. 245; *Matter of Trevor,* 119 Misc. 277.)

Apart from the conclusiveness of the decree of December 23, 1932, this will, itself, discloses no intent on the part of the testator to charge his estate with the payment of taxes assessed against the foreign legatees by the Republic of Germany. The German tax is not a transfer, inheritance or succession tax as understood and defined by our courts. It is in the nature of an acquirer's tax assessed personally against the beneficiary solely on the basis of his residence in Germany. This testator was neither domiciled in Germany nor did he leave any property located there. The language of the will is readily distinguishable from that interpreted in *Matter of Muller* (N. Y. L. J. Nov. 14, 1929, p. 801); *Matter of Damchinsky* (Id. March 6, 1930, p. 2837); *Matter of Brock* (Id. April 2, 1930, p. 32); *Matter of Nordlinger* (Id. July 30, 1936, p. 288), which are relied upon by the German legatees. In *Matter of Muller* (*supra*) the will directed payment of taxes by the estate and " not by the beneficiary or beneficiaries of such bequests or transfers." In *Matter of Damchinsky* (*supra*) the will provided that " no legatee shall be required to reimburse my estate for any such tax paid in his behalf." In *Matter of Brock* (*supra*) the will directed payment of legacies in full " without any abatement or deduction for or on account of any transfer, succession or inheritance tax." Similarly, in *Matter of Nordlinger* (*supra*), the will directed payment of taxes on any devise or legacy from the residuary estate and stated that it was the intention of the testator that taxes be treated as an expense of the estate and " not paid by the individual legatees or out of their share in the estate." In all of these cases the intent of the testator to relieve the legatees of the burden of the tax was clearly expressed. The instant will is barren of any such expression, and silent as to any intent on the part of the testator to charge his general estate with the distinctive form of the German tax based upon the right of the beneficiary to receive or acquire the benefits under the will.

Submit decree on notice settling the account accordingly.