In the Matter of the Estate of EMILIE SPITZER, Deceased.

Surrogate's Court, New York County, January 13, 1939.

*Francis A. E. Spitzer* and *James H. Nichols*, for the petitioner.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the Guaranty Trust Company of New York, respondent.

DELEHANTY, S. Concededly respondent in this discovery proceeding possesses all of the property listed in the petition. Concededly respondent has no personal claim thereto except as security for the repayment of a small loan thereon which petitioner concedes to be due and to be deductible from the cash on hand. The sole question involved in the proceeding is whether as a condition of delivery of the property petitioner must furnish to respondent a so-called " *envoi en possession* " from a French tribunal. This document is required in certain circumstances by the Republic of France under its tax laws.

"It has been held, and is a principle universally recognized, that the revenue laws of one country have no force in another." (*Marshall* v. *Sherman*, 148 N. Y. 9, 25.) In consonance with this generally recognized principle this court has ruled consistently that it will not enforce against property located here any tax law of a foreign jurisdiction. (*Matter of Harjes*, N. Y. L. J. Aug. 4, 1938, p. 306; *Matter of Baer*, 161 Misc. 797.) This court has declined also to enforce the revenue laws of other States of this nation (*Matter of Martin*, 136 Misc. 51; *Matter of Bliss*, 121 id. 773), though the question involved seems not to have been decided finally by the Supreme Court of the United States. (*Milwaukee County* v. *White Co.*, 296 U. S. 268, at p. 275; and see note, 65 A. L. R. 1360.) There is no reason why discretion, if it resides at all in this court, should be exercised in favor of the enforcement of the tax law of a foreign nation. Accordingly, delivery of the property will be ordered despite any requirement of the foreign tax law.

Submit, on notice, decree accordingly.