In the Matter of the Estate of AUSTIN B. FLETCHER, Deceased.

Surrogate's Court, New York County, December 29, 1939.

*William Russell Bogert,* for the petitioner.

*T. Emory Clocke,* for the Trustees of The Fletcher Hospital, respondent,

DELEHANTY, S. Determination is necessary now of the issues in this proceeding other than the question of construction. (*Matter of Fletcher*, 280 N. Y. 86.) By stipulation of the parties decision is to be made on the basis of the executors' account, the decree of May 25, 1926, settling that account, the briefs and the papers on the motion in the Court of Appeals to amend the remittitur of that court.

Petitioner seeks a vacatur of so much of the decree of May 25, 1926, as directed payment to respondent corporation of the sum of $100,000 which is the real subject of the controversy. This decree was entered on petitioner's own application. It settled petitioner's account as an executor of deceased. It approved as a valid credit to petitioner the payment scheduled in the account as already made to respondent. Petitioner now says that as an individual he was not a party to the proceeding in which his account as executor was settled and so is not bound thereby in respect of any individual right of his.

Respondent alleges insufficiency of the case made by petitioner. It also alleges an estoppel of petitioner and finally seeks denial, on the ground of laches, of the relief sought. It argues in its brief the further defenses (not pleaded) that the payment to it was made under a mistake of law, and so is not recoverable; and also that relief is barred by the Statute of Limitations. Petitioner's reply brief discusses these unpleaded defenses and expresses a willingness to meet them on the merits. Whether that statement is sufficient to warrant the court to assume that by consent the answer is amended in these particulars is not important in view of the result otherwise reached.

Consideration must first be given to the contention of petitioner that he was not present as an individual in the accounting proceeding. It is indisputable that one who occupies a fiduciary office may be cited in his fiduciary character only, and may appear in that character only, though he has individual rights at stake. So, too, it may be conceded that the fiduciary as such is a different person in law than the same human being when regarded as an individual. But it is not sound to say that an individual who is seeking discharge from fiduciary obligations is not present as an individual in the accounting proceeding instituted by him as fiduciary. It is the individual whose individual property is bound to answer a surcharge in such a proceeding. It is the individual who is conclusively adjudged to have on hand the balance of fiduciary property ordered distributed. It is the individual whose body is seized by the sheriff and who suffers imprisonment if he fails to perform the terms of the decree in such a proceeding. It is as an individual and for his protection as an individual that the accounting

fiduciary seeks definition of the quantum of trust property with which he is chargeable and seeks approval of the disbursements made by him out of the fund. The accounting process has for its final objective the ascertainment of the ultimate fact whether the fiduciary *as an individual* is further liable for the property of the estate. Thus in the truest sense every fiduciary is present as an individual in every accounting proceeding wherein he asserts either the extent of the property with which he is chargeable or the amount of the credits to which he is entitled. Since this petitioner was seeking in the accounting proceeding his discharge from individual liability (including discharge from further liability for the $100,000 fund), he is held to have been a party to the accounting proceeding in his individual character.

" Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained." (Surr. Ct. Act, § 80.) That the decree is conclusive as to transactions (including *payments*) reported in the account is no longer open to dispute. (*Bowditch* v. *Ayrault*, 138 N. Y. 222, 231; *Chester* v. *Buffalo Car Mfg. Co.*, 183 id. 425, 435; *Matter of Hodgman*, 140 id. 421; *Matter of Hoyt*, 160 id. 607; *Joseph* v. *Herzig*, 198 id. 456; *Altman* v. *Hofeller*, 152 id. 498; *Matter of Ziegler*, 218 id. 544; *Megrue* v. *Megrue*, 231 App. Div. 245; *Matter of Baker*, 249 id. 265; *Staples* v. *Mead*, 152 id. 745; *Central Trust Co.* v. *Falck*, 177 id. 501; *Matter of Bannin*, 142 id. 436; *Kirk* v. *McCann*, 117 id. 56; *Matter of Elting*, 93 id. 516.) In *Chester* v. *Buffalo Car Mfg. Co.*, (*supra*) a situation analogous to that here was presented by plaintiff's effort to enforce a claim to corporate shares which had been the subject of a prior accounting in a Surrogate's Court, wherein the plaintiff was an accounting party. Speaking of the effect of that decree the court said: " In view of the fact that the executors of the estate of Thomas Chester in their petition to the surrogate stated that the only persons interested were the plaintiff, his wife and his three sisters, and that the executors had fully accounted to them for all the property of said deceased coming to their possession or knowledge, and that they had waived citation and consented to the final discharge of the executor, the decree discharging the executors must be deemed to have treated all the facts alleged in the petition as true. These general allegations of the petition necessarily included the division of the stock of the car company made under the proceeding instituted by the plaintiff's wife in September, 1897, and if this be so, then the final decree has, in contemplation of law, confirmed that distribution, and the decree being conclusive, under the statute quoted, is a complete bar to this action. So long as the final decree remains unreversed the plaintiff is bound by that division of the stock.

Under ordinary circumstances a party dissatisfied with a decree has the remedy of appeal, *but in this case the plaintiff cannot be heard to complain of the decree entered, for the reason that the distribution of the stock was made in pursuance of his own request, under oath he having joined in the petition of his wife."* (Italics supplied.)

The decree settling the executors' account established both that the executors had acted properly in paying respondent the sum of $100,000 and that respondent was entitled thereto as a legatee. The rights so established cannot now be impaired. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.) In the cited case the court said (p. 306): " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first * * *."

Again (at p. 308): " The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second. An estoppel is not avoided in such circumstances by mere differences of form between the one action and the other * * *."

In attempted avoidance of the result, compelled by the cited cases, petitioner refers to *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.* (213 N. Y. 525). That case does not support petitioner's case. While it says that a *trustee, having no claim of personal interest* in a fund erroneously paid to it under a decree, could not urge the bar of the decree against the real owners, the case intimates that the result was reached because the trustee did " not hold the fund under any claim of ownership." Since the respondent in this proceeding asserts such a claim of ownership, the case cited is not in point.

The corporation respondent is in the position of a general legatee taking in its own right. It holds the money not as trustee but as " a gift in perpetuity for a corporate purpose. * * * No trust arises * * * from such a gift for trustee and beneficiary are one." (*St. Joseph's Hospital* v. *Bennett,* 281 N. Y. 115.) It acquired a vested right under the 1926 decree which it may maintain against all parties to the 1926 proceeding, including petitioner. That decree is final and bars the now asserted right of petitioner as an individual unless there exists a basis for setting aside the decree.

No appeal having been taken the court is bound by the provisions of subdivision 6 of section 20 of the Surrogate's Court Act. There is here shown no fraud, no newly-discovered evidence, no clerical error, nor other sufficient cause for court action. (*Matter of Hawley,* 100 N. Y. 206; *Matter of Tilden,* 98 id. 434; *Matter of Brennan,* 251

id. 39; *Matter of Starbuck,* 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Gilford,* 155 Misc. 339; *Matter of Niles,* 113 N. Y. 547; *Chester* v. *Buffalo Car Mfg. Co., supra; Matter of Hermann,* 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Peck,* 131 App. Div. 81.) There is here only a mistake of law respecting the operation of a clause in deceased's will. That mistake furnishes no basis for opening the decree. (*Newburgh Savings Bank* v. *Town of Woodbury,* 173 N. Y. 55; *Haviland* v. *Willets,* 141 id. 35; *Payne* v. *Witherbee, Sherman & Co.,* 200 id. 572; *Greene* v. *Smith,* 160 id. 533; *Wood* v. *Amory,* 105 id. 278; *Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. R. Co.,* 138 App. Div. 687; affd., 201 N. Y. 379; *Bowden* v. *Owen,* 103 Misc. 56; *Matter of Welton,* 141 id. 674; *Hebron* v. *City of New York,* 78 id. 653.)

If there were statutory basis for reopening the decree the court ought not to grant relief after eleven years. If properly pleaded the Statute of Limitations would be a complete defense. The respondent is not a trustee at all — certainly not trustee of an express trust for petitioner. Even if it were held to be a trustee by implication or construction, the statute began to run in its favor as soon as payment was made to it. (*Lammer* v. *Stoddard,* 103 N. Y. 672; *Mills* v. *Mills,* 115 id. 80, 86; *Gilmore* v. *Ham,* 142 id. 1, 10; *Finnegan* v. *McGuffog,* 203 id. 342; *Gilchrist Trans. Co.* v. *Worthington & Sill,* 193 App. Div. 250, 256; *Roediger* v. *Kraft,* 169 id. 304; affd., 219 N. Y. 675.) Delay in enforcing a right is decisive even where no Statute of Limitations exists and a sort of laches is held available as a defense in such situations. (*Hughes* v. *Roosevelt,* 107 F. [2d] 901.) Petitioner here has too long permitted the decree of 1926 to remain undisturbed. He has not shown sufficient reason for action in his favor.

His application is denied for all the reasons stated.

Submit on notice order accordingly.