Joseph A. Cox, S.
In this accounting proceeding a question is presented as to whether a direction in the will against the apportionment of estate taxes requires the residuary estate to bear the burden of a so-called “ acquirer ” tax assessed by the German Federal Bepublic against a legatee residing in West Germany. But for the direction in the will, Federal and New York estate taxes would be apportionable among all the testamentary beneficiaries in accordance with the provisions of section 124 of the Decedent Estate Law. Inasmuch as that statute was drawn to accomplish an equitable apportionment of Federal and State taxes (Combined Beports of the Commission to Investigate Defects in the Laws of Estates, p. 338), it is not to be assumed that the tax clause in this testator’s will was prepared with foreign taxes in mind. The “ acquirer ” tax does not appear to be an 11 estate, inheritance, succession and other death tax ” either as understood by this testator or as understood and defined by our courts. This tax arises solely because of the beneficiary’s residence in Germany and is assessed against him personally.
‘ ‘ It has been held, and is a principle universally recognized, that the revenue laws of one country have no force in another.” (Marshall v. Sherman, 148 N. Y. 9, 25.) This court will not enforce the tax law of a foreign jurisdiction against property located here and forming part of a resident estate. (State of Colorado v. Harbeck, 232 N. Y. 71; Marshall v. Sherman, supra; Matter of Baer, 161 Misc. 797; Matter of McNeel, 10 Misc 2d 359; Matter of Lamar, 15 Misc 2d 544; Matter of Robinson, 25 Misc 2d 9.) Distribution may be made to the residuary legatees without retention of any reserve for foreign taxes.
The personal claim of the corporate fiduciary for custodial services in the sum of $78.11 set forth in Schedule D-a is approved.