Otto C. Jaeger, S.
The decedent died on November 22, 1964 leaving a will dated December 7, 1963. This court admitted the will to probate and issued letters testamentary to the executors who are now accounting and who seek a construction of the will.
In preresiduary paragraphs of the will, the testator gave his real property and certain tangible personal property to his wife, and a general bequest to a brother. Forty per cent of the residuary estate, designated Fund A, is bequeathed in trust for the benefit of the wife for life, with secondary trusts for the benefit of testator’s son and daughter in the event that the wife should fail to exercise a power of appointment over the remainder. The executors are directed to pay death taxes out of the remaining 60% of the residuary. The balance, after payment of such taxes is designated as Fund B. One half of Fund B is bequeathed *953 outright in equal shares to testator’s son and daughter; one sixth is bequeathed outright to six named brothers and sisters; and one third is bequeathed in separate trusts for the benefit of each of testator’s grandchildren and with the remainder of each trust payable to the grandchild at age 30.
In article XI (E) the testator provided: “ That my executors shall pay my death taxes without apportionment, as if they were expenses of administering my estate, out of property which otherwise would be included in Fund B, and the term ‘ death taxes ’, as used herein, shall be understood to mean all inheritance, transfer, succession and estate taxes levied by reason of my death, regardless of whether such taxes are levied on property passing or not passing under this will, and to include all interest and penalties on such taxes.”
The court is asked to construe the will to -determine whether certain Puerto Bican taxes are death taxes payable as provided in article XI (E). The taxes in question result solely from the fact that certain of the beneficiaries, testator’s son and two of testator’s grandchildren, happen to be domiciled in Puerto Bico.
The nature and constitutionality of the Puerto Bican tax were considered in the recent case of Maristany v. Secretary of the Treasury, decided by the Supreme Court of Puerto Rico on April 19, 1967 (Colegio de Abogados 1967-50). On that authority this court makes the following observations :
1. The tax is not on a decedent’s interest in property which ceases at death, or on property transferred or on the transfer of property. It is a tax on the recipient which is ‘ ‘ clearly a tax of a personal nature ’ ’.
2. The event giving rise to the tax (as distinguished from the subject matter of the tax) is the receipt of a gift; that is, the receipt of any property or pecuniary benefit for less than fair value. The tax is imposed whether or not the gift is occasioned by the death of another person.
3. Puerto Bico claims jurisdiction to levy the tax solely by reason of the domicile of the recipient in Puerto Bico.
A personal tax on the recipient of a gift which arises solely as a result of the domicile of the recipient in the taxing jurisdiction, is not an estate, inheritance, transfer, succession or other death tax as those terms are commonly understood by New York testators or as understood and defined by our courts (Matter of Jandorf, 41 Misc 2d 712; Matter of Baer, 161 Misc. 797; Matter of Gotthelf, 152 Misc. 309).
While the Puerto Bican statute apparently purports to require the legal representative of an estate to pay the tax levied on the recipient, prior to distribution, that provision, obviously intended *954 to provide a convenient method of collection, in no way affects the nature of the tax.
The court does not question the jurisdiction of Puerto Rico to assess the tax and collect it from the beneficiaries residing in Puerto Rico. Since, however, the testator died a resident of New York and left no property in Puerto Rico, clearly Puerto Rico is without jurisdiction over this estate and without jurisdiction to require the executors of this estate to pay the taxes in question. Under these circumstances, to construe article XI (E) of the will as directing the payment of such taxes out of a portion of the residuary estate, would be tantamount to holding that the testator intended to create a tax liability on the part of his estate which would not otherwise exist. If in fact, the testator had any such extraordinary intention, he failed to manifest it in article XI (E) or in any other provision of his will. Article XI (E) is a stereotyped provision against apportionment of death taxes and a direction as to the source of their payment. It contains no language which could reasonably be construed as a direction to the executors to pay taxes which, in the absence of a testamentary direction, they could not lawfully be required to pay.
There is nothing to indicate that the testator had knowledge of the tax statutes of Puerto Rico, but if he did, then by reason of the nature of the tax, it is reasonable to infer that he would have used explicit language to include the tax had he so intended.